Gladys **HAHN** and Earl Hahn,
Appellants,

v.

Anthony **RUSS** and Alaska Independent
Taxi Operators Association,
Inc., Appellees.

No. 4387.

Supreme Court of Alaska.

May 9, 1980.

L. Ames Luce, Kelly & Luce, Anchorage, for appellants.

Robert L. Eastaugh, Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for appellees.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

This is an appeal from the denial of plaintiffs' motions for directed verdict, judgment notwithstanding the verdict, and a new trial. The case was tried to a jury and judgment was entered for the defendants on October 6, 1978.

This action was brought to recover for personal injuries sustained by plaintiff Gladys Hahn allegedly due to the negligence of defendants Anthony Russ and Alaska Independent Taxi Drivers Association, Inc.[1] Russ was driving a taxi cab on Muldoon Road in Anchorage when his vehicle struck Hahn's car in the rear, resulting in injury to Hahn.

It is undisputed that the traffic was very heavy and had been stop-and-go shortly before the accident. The road was under construction, and it was wet from a recent rain. Russ, according to his own testimony, was traveling 30 to 50 feet behind Hahn at a speed of 15 to 20 miles per hour, when Hahn stopped. Russ's passenger observed the brake lights of the car in front of Hahn go on before the Hahn vehicle stopped. Hahn testified that she had been stopped for a "couple of minutes" before defendant hit her; Russ claims Hahn stopped suddenly. When Russ saw her car stop, he slammed on his brakes and tried to turn into the ditch beside the road, but apparently his wheels locked and he struck the Hahn car in the rear.

The standard for reviewing the ruling on a motion for directed verdict or judgment notwithstanding the verdict was most recently restated in *City of Whittier v. Whittier Fuel & Marine Corp.*, 577 P.2d 216 (Alaska 1978). In that case, which involved a breach of contract claim, we quoted with approval the formula set forth in an earlier case:

> It is well established that the proper role of this court, on review of motions for directed verdict or for judgment notwithstanding the verdict, is not to weigh conflicting evidence or judge the credibility of witnesses, but is rather to determine whether the evidence, when viewed in the light most favorable to the nonmoving party, is such that reasonable men could not differ in their judgment.

*Id.* at 220, quoting *Holiday Inns of America, Inc. v. Peck*, 520 P.2d 87, 92 (Alaska 1974). The question here, then, is whether the jury's verdict can be justified when all the evidence is viewed in the light most favorable to Russ.

It is a matter of common understanding that one who "rear-ends" another vehicle under normal circumstances is generally negligent.[2] This court has recently held that a plaintiff in an action based on a rear-end collision was properly granted summary judgment on the issue of liability. *Clabaugh v. Bottcher*, 545 P.2d 172 (Alaska 1976). In that case, the defendant was proceeding downhill on an unfamiliar, icy road and was unable to stop before she collided with plaintiff's truck which was stopped at a stop sign, even though she began braking some 300 feet before the intersection. We held this negligent as a matter of law. *Id.* at 176.

Where there is no reason to anticipate the conduct of the preceding driver, the driver who follows may not be responsible for the collision. *Rhoades v. DeRosier*,

1. The Alaska Independent Taxi Drivers Association was made a party under the doctrine of *respondeat superior*. The issue of agency was argued at trial, but was not determined because of the verdict for appellees. That issue is not involved in this appeal. "Defendant" in this opinion is therefore used only to mean defendant Russ.

2. *See, generally*, Annot. 85 A.L.R.2d 613 (1962).

14 Wash.App. 946, 546 P.2d 930 (1976).[3] However, in the instant case, Russ rear-ended Hahn in heavy rush-hour traffic. One should expect sudden stops in heavy traffic, especially when it has recently been stop-and-go. If Russ had been following at a safe distance, he should have been able to stop before he collided with Hahn's car. We can perceive of no explanation for the accident, based on a review of the evidence most favorable to Russ, which does not include negligence on his part.[4] Accordingly, we believe that the motion for directed verdict should have been granted as to the issue of Russ' negligence.

REVERSED AND REMANDED for further proceedings consistent with the views herein expressed.

---

3. *See, also,* Annot. 29 A.L.R.2d 5 (1950).

4. This view was shared by the trial judge when the motion for directed verdict was made at the close of defendant's case:

Well I'll let the issue go to the jury . . . [I]t's clear, however that the defendant is—

Mr. Russ was negligent, that he didn't exercise due care, that in a heavy traffic situation when you run into somebody, you are at fault when you run into them because that's what the rules of the road provide, that one watch out for the people ahead of him.