619 P.2d 1023 (1980)
W.E.W., Appellant and Cross-Appellee,
v.
D.A.M., Appellee and Cross-Appellant.
Nos. 4504, 4912.
Supreme Court of Alaska.
November 21, 1980.
*1024 Robert I. Shoaf, Dickson, Evans, Esch & Papas, Anchorage, for appellant and cross-appellee.
Clem H. Stephenson, Fairbanks, for appellee and cross-appellant.
Before RABINOWITZ, C.J., CONNOR, BURKE and MATTHEWS, JJ., and DiMOND, Senior Justice.

OPINION
BURKE, Justice.
This appeal and cross-appeal arise out of an action to establish paternity.
On April 19, 1977, D.A.M. filed suit in the superior court against W.E.W., alleging that W.E.W. was the father of her infant child. D.A.M. sought custody of the child, money for its support and payment of her medical expenses. W.E.W. now appeals from a judgment in favor of D.A.M.D.A.M. cross-appeals from the court's award of attorneys' fees.

I
W.E.W. first contends that the court erred in refusing to grant his attorney's request for a continuance of the trial.
The request for a continuance was made on the day of trial, September 8, 1978. It was based partly upon the ground that W.E.W. was not present. According to his attorney, M.P. Evans, the court's calendar clerk failed to notify Mr. Evans that the case would go to trial on the date previously set. Mr. Evans explained:
When I spoke with the calendar clerk, they [sic] informed me we would be going to trial on this date [September 8]. Subject to some possibility that we would not be going, it was my understanding of that arrangement and the-an affidavit is in the file to that effect-was that if we were going to trial on this date, that I would be informed on Wednesday evening [September 6] or on Thursday morning [September 7], that the trial would take place in the morning [September 8]. I was not so informed and my client was allowed to leave town and was no longer [where he could be contacted].
D.A.M.'s attorney opposed the motion for a continuance, partly upon the ground that he had out of state witnesses ready to testify, one from California and one from Michigan.
At the time of trial, Mr. Evans and W.E.W. both lived in Anchorage. The trial was held in Fairbanks. According to an affidavit executed by W.E.W. on November 22, 1978, he did not return to Anchorage until the late evening hours of September 7. In that affidavit he further stated, "[t]he trial was in progress in Fairbanks when I found out in Anchorage."
The trial court's refusal to grant a continuance will generally not be disturbed on appeal unless an abuse of discretion is demonstrated. Gregoire v. National Bank of Alaska, 413 P.2d 27, 33 (Alaska 1966). Despite the serious consequences of the court's action in this case, we are not convinced that such a showing has been made. See Rule 40(f)(1), Alaska R.Civ.P.
On June 2, 1978, the superior court entered a pre-trial order which, among other things, "set [the case] for trial to commence during the week of September 4, 1978." A few days prior to trial, counsel was advised by the calendar clerk that the case was scheduled to begin on September 8. According to Mr. Evans' own account, there was only "some possibility" that the trial would not begin on the date scheduled. Under these circumstances, we see no reasonable excuse for Mr. Evans' failure to call the calendar clerk, before instructing his client that it would not be necessary for him to appear on September 8.
Moreover, the record suggests that, with due diligence, W.E.W. could have been contacted on the evening of September 7, since he was back in Anchorage by 8:00 p.m. that evening. Nowhere does W.E.W. argue that this was not possible. In addition, the record shows that Mr. Evans was advised, during a recess, on the morning of September 8, that W.E.W. was back in Anchorage and had contacted his office.[1] Mr. Evans disclosed this information to the *1025 court sometime prior to the noon recess but he failed to renew his request for a continuance. Had such a request been made, the court might have been persuaded to continue the trial for a reasonable period of time in order to allow W.E.W. to attend.[2] Absent such a request, the superior court was entitled to assume that counsel had abandoned his motion for continuance.

II
W.E.W. next contends that the superior court erred in refusing to grant his motion for a change of venue under AS 22.10.040. We have carefully reviewed the court's action and conclude that there was no abuse of discretion. Maier v. City of Ketchikan, 403 P.2d 34, 39 (Alaska 1965).

III
As previously noted, D.A.M. sought recovery of the medical expenses incurred in connection with the birth of her child. She acknowledged, however, that she should be responsible for one-half of those expenses, and she made no claim for the medical expenses that were covered by her insurance. The superior court, nevertheless, awarded D.A.M. $2,000.00, apparently intending to compensate her for all of her medical expenses. In this appeal, W.E.W. argues that he should be responsible for only one-half of D.A.M.'s out-of-pocket cost, i.e., $330.00. In reply, D.A.M. argues that the court's award of $2,000.00 was fully justified, but fails to come to grips with the details of her opponent's argument.
There was conflicting evidence as to the amount of D.A.M.'s medical expenses, and the percentage of those expenses covered by insurance. When it announced its decision, the court stated:
She is entitled to recovery of the medical expenses connected with the birth of the child. And accordingly, I fix this amount, and it's rather arbitrary, but I think that's because there was imprecise testimony on this. I am going to fix that amount at the sum of $2,000.00.
The court's written findings of fact were equally vague, stating only: "The cost of the medical and hospital expense connected with birth of said child amounts to $2,000.00." Thus, the court left unresolved material questions of fact, namely: the percentage of D.A.M's medical expenses covered by insurance, for which D.A.M. made no claim, and the percentage of those expenses not covered by insurance that each party should be required to pay. As to D.A.M.'s medical expenses, therefore, it is necessary to reverse the award and remand the case to the superior court for reconsideration of the record and resolution of these material issues of fact, and entry of an amended judgment.

IV
W.E.W.'s final contention is the superior court abused its discretion in denying his motion to appoint a guardian ad litem for D.A.M.'s infant child.
The purpose of a guardian ad litem is to ensure that a minor's rights will be adequately protected. See Veazey v. Veazey, 560 P.2d 382 (Alaska 1977). In this case, we conclude that the child's rights were adequately protected, and that the court did not abuse its discretion in denying the motion. Id. at 385.

CROSS-APPEAL
In her cross-appeal, D.A.M. contends that the superior court erred in determining the amount awarded to her for her attorney's fees.[3]
*1026 In Palfy v. Rice, 473 P.2d 606 (Alaska 1970), we stated:
[T]he matter of awarding attorney's fees is committed to the discretion of the trial court. We shall interfere with the exercise of that discretion only where it has been abused. An abuse of discretion is established where it appears that the trial court's determination as to attorney's fees was manifestly unreasonable.
473 P.2d at 613 (footnotes omitted). Applying that standard, we are not convinced that the court abused its discretion in the instant case.[4]
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
NOTES
[1] The record fails to disclose what efforts, if any, W.E.W. made to get to Fairbanks after learning that the trial was in progress.
[2] Were we convinced that the court's action resulted in a manifest injustice, our resolution of this issue might be different. Careful review of the record, however, fails to persuade us that such is the case. With the exception of the court's award of $2,000.00 for D.A.M.'s medical expenses, discussed in part III of this opinion, the record adequately supports the court's findings and judgment.
[3] Originally, the court awarded D.A.M. $6,450.00 for her attorney's fees. In a subsequent order, the court reduced the award to $1,484.94.
[4] On remand, the superior court may find it necessary to revise its award of attorney's fees after it reconsiders the issue of D.A.M.'s medical expenses. Again, however, this matter is committed to the sound discretion of the superior court.