**Alice G. BAILEY, individually and as next friend of Russell Scott Bailey, and William Ray Blackburn, individually and as Personal Representative of the Estate of Anthony Ray Blackburn, Deceased, Appellants,**

v.

**Michael B. LENORD, Appellee.**

**No. 4696.**

Supreme Court of Alaska.

March 13, 1981.

---

850

Thomas C. L. Roberts and H. Bixler Whiting, Whiting, Whiting & Rosie, Fairbanks, for appellants.

Dennis M. Bump and Doris R. Ehrens, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and COATS, Judge, Court of Appeals.

## OPINION

MATTHEWS, Justice.

This case arose from a motor vehicle accident which occurred on June 8, 1977, at the intersection of C and Dunbar Streets in Fairbanks. Michael Lenord was traveling north on C Street in his automobile. Russell Bailey and his passenger, Glenn Wise, were traveling west on Dunbar Street on Bailey's motorcycle. Anthony Blackburn was also traveling west on Dunbar on his motorcycle. After passing through a yield sign at the intersection of C and Dunbar, the two motorcycles struck Lenord's vehicle on the passenger side. As a result of the accident, Blackburn died and Bailey and Wise were injured.

On November 10, 1977, a complaint was filed for the wrongful death of Blackburn and for Bailey's personal injuries. Plaintiffs' theory was that Lenord's negligence

in speeding through a residential area and failing to keep a proper lookout caused the accident. A jury returned a verdict in favor of appellee, Lenord. Following the superior court's denial of their motion for a new trial, plaintiffs filed this appeal.

At trial Officer Layman of the Fairbanks Police Department described in detail speed tests he performed in his patrol car shortly after the accident. The trial court did not allow Layman to express an opinion as to Lenord's speed. Layman was allowed to testify, however, that his patrol car would have to have been traveling at least 40 miles per hour to leave the same amount of skid marks as were left by Lenord's vehicle.

The Court instructed the jury that the speed limit on C and Dunbar was 30 miles per hour. The court's speed limit instruction was based on the Alaska Administrative Code. The court further instructed the jury that racing was negligence per se, but refused to add negligence per se language to its instructions defining negligent and reckless driving.

Plaintiffs assert several errors by the trial court. They contend that the jury instruction relating to the applicable speed limit on C and Dunbar Streets was improperly based upon the Alaska Administrative Code rather than the Fairbanks Code of Ordinances; that the court improperly limited Officer Layman's testimony; that the jury should not have been instructed on racing; that negligence per se language should have been included in the jury instructions defining reckless and negligent driving; and that the trial court erred in denying plaintiffs' motion for a new trial. Each of these will be discussed in turn.

### The Speed Limit Instruction

The trial court instructed the jury that the speed limit on C and Dunbar was 30 miles per hour.[1] The court's instruction was based on Title 13, § 02.275 of the Alaska Administrative Code.[2] Plaintiffs contend that the applicable law is contained in § 7.303 of the Fairbanks Code of Ordinances which sets the speed limit at 20 miles per hour.[3]

AS 28.01.010[4] states that the provisions of Title 28 (Motor Vehicles) are ap-

1. Instruction No. 13 reads as follows:
   I instruct you that under state law the speed limit for Dunbar and "C" Streets is 30 m. p. h.
   Regardless of what the speed limit may be, the law in Alaska requires that a person not drive a vehicle at a speed greater than is reasonable and prudent under the conditions, having regard to the actual and potential hazards existing at the time. Speed must be controlled so as to avoid colliding with a person, vehicle or other conveyance operated in compliance with a legal requirement.

2. 13 AAC 02.275 (amended July 1979) provides in part:
   (b) Except when a special hazard exists that requires lower speed for compliance with (a) of this section, the limits specified in this section or established as authorized by this chapter or other law are the maximum lawful speeds, and a person may not drive a vehicle at a speed in excess of the maximum limit except as provided in this chapter.
   (1) 30 miles per hour on a city street; . . .

3. The Fairbanks Code of Ordinances provides in part:
   Sec. 7.303. Maximum Speed Limits.
   (a) Except when a special hazard exists that requires lower speed for compliance with FGC 7.301, the limits specified in this section or established as authorized by this chapter are the maximum lawful speeds, and a person may not drive a vehicle at a speed in excess of the maximum limit except as provided in this chapter or controlling state traffic regulations:
   (1) Fifteen miles per hour in an alley.
   (2) Twenty miles per hour.
   . . . .
   (iii). Within a residence district except on arterial streets and except as otherwise provided herein.

4. AS 28.01.010 provides in relevant part:
   Provisions uniform throughout state. (a) The provisions of this title and the regulations adopted under this title are applicable within all municipalities of the state. No municipality may enact an ordinance which is inconsistent with the provisions of this title or the regulations adopted under this title. A municipality may not incorporate into a publication of traffic ordinances a provision of this title or the regulations adopted under this title without specifically identifying the provision or regulation as a state statute or regulation.
   (b) A municipality may adopt by reference all or a part of this title and regulations adopted under this title, and may request and shall

plicable within all municipalities of the state and that a municipality may not enact an ordinance inconsistent with provisions of the title or regulations adopted under the title. Although AS 28.01.010(b) provides that a municipality may enact necessary ordinances to meet specific local requirements, a municipality cannot enact an ordinance which conflicts with state-wide traffic rules and regulations. *Adkins v. Lester*, 530 P.2d 11, 14–15 (Alaska 1974). Clearly, Fairbanks' 20 mile per hour speed limit is valid only if it is in conformance with state-wide traffic statutes and regulations.

■ 13 AAC 02.280–285 authorizes municipalities to decrease or increase the speed limits specified in the Administrative Code and further provides that the altered limits are effective when signs giving notice

thereof are erected.[5] Signing, therefore, is a condition precedent to the effectiveness of Fairbanks' 20 mile per hour speed limit.

■ Although several witnesses testified that they understood the speed limit on C and Dunbar Streets to be 20 miles per hour, there was no evidence that 20 mile-per-hour speed limit signs were erected in Hamilton Acres, the residential area where the accident occurred.[6] Likewise, there was no evidence that general speed limit signs were posted elsewhere in Fairbanks indicating that the speed limit on all non-arterial streets was to be 20 miles per hour. Since speed limit signs were not posted, the trial court did not err in instructing the jury that the applicable speed limit was the state-wide limit of 30 miles per hour.[7] Contrary to plaintiffs' assertion, the presump-

---

receive from the Departments of Public Safety and Community and Regional Affairs assistance in the drafting of model ordinances for adoption by reference. Notwithstanding (a) of this section, a municipality may enact necessary ordinances to meet specific local requirements. . . .

5.  13 AAC 02.280–285 read as follows:

13 AAC 02.280. *Alterations of Limits by State and Municipalities.* (a) When the Department of Transportation and Public Facilities with the assistance of the department, or a municipality, in their respective jurisdictions and consistent with AS 28.01.010, determines upon the basis of an engineering and traffic investigation that a maximum speed prescribed in sec. .275(b) of this chapter is greater or lesser than is reasonable or safe under the conditions found to exist at an intersection, or an arterial street, or at any other place or part of the state or municipal highway system, the respective authority may determine a reasonable and safe maximum limit at the location. The maximum speed limit is effective when signs giving notice of the maximum limit are erected. 13 AAC 02.285. *When Local Authority May Alter Maximum Limit.* (a) When local authority in its jurisdiction determines that the maximum speed permitted under this chapter is greater or less than is reasonable and safe under the conditions found to exist upon a city street or part of a city street, the local authority may declare a reasonable and safe maximum limit on it which

(1) decreases the limit at an intersection; or

(2) increases the limit but not to more than 60 miles per hour; or

(3) decreases the limit but not to less than 20 miles per hour.

(b) A limit altered as authorized in this section is effective when an appropriate sign giving notice thereof is erected. The maximum speed limit may be declared effective at all times or at the times indicated upon the sign; and a different limit may be established for different times of day, different types of vehicles, varying weather conditions or other factors bearing on safe speed, which limits are effective when posted upon an appropriate fixed or variable sign.

6.  Plaintiffs' contention that Alaska's constitution, statutes, administrative code and traffic manual do not require Fairbanks to erect speed limit signs is without merit. Article X, § 11 of the Alaska Constitution specifically states that a municipality's powers are limited to those not prohibited by law. AS 28.01.010 prohibits municipalities from passing ordinances inconsistent with state-wide traffic statutes and regulations. Alaska's traffic regulations and statutes require municipalities to erect speed limit signs. The Alaska Traffic Manual which provides guidelines for the implementation of traffic control devices discourages the excessive use of signs, but also states that when a municipality increases or decreases a state-wide speed limit, "speed limit signs shall be placed at the beginning of each zone and at such other locations within the zone as necessary to advise the motorist of the posted limit." Alaska Traffic Manual, III–3A–02 (1978).

7.  Although AS 28.01.010(d), states that a municipality shall erect signs, the effectiveness of the state's 30 mile per hour limit is not conditioned upon signing.

tion that a municipal ordinance has been validly enacted cannot be relied upon to prove that an altered speed limit has been posted where the effectiveness of the reduced limit is specifically conditioned upon posting.[8]

### Officer Layman's Testimony

■ Officer Layman, the police officer who investigated the accident, measured the skid marks left by Lenord's vehicle and performed speed tests in his patrol car at the scene of the accident. At trial, plaintiffs asked Layman for his opinion of Lenord's speed prior to the accident. Defendant objected on the ground that a proper foundation for the admission of the testimony had not been laid.[9] The court allowed Layman to testify as to the speed the test vehicle would have to have been traveling to leave the same amount of skid marks as were left by Lenord's vehicle. Layman also testified that the differences between the test vehicle and the Lenord vehicle favored the Lenord vehicle. Plaintiffs claim the trial court erred in limiting Layman's testimony.

■ The admission in evidence of expert testimony lies within the sound discretion of the trial judge whose determination is reviewable only for an abuse of discretion. *City of Fairbanks v. Nesbett*, 432 P.2d 607, 611–12 (Alaska 1967). *See also, Ferrell v. Baxter*, 484 P.2d 250, 267 (Alaska 1971) and *Bachner v. Rich*, 554 P.2d 430, 446 (Alaska 1976). The test for determining abuse of discretion with respect to the admission of expert testimony is "whether the reasons

for the exercise of discretion are clearly untenable and unreasonable." *Lewis v. State*, 469 P.2d 689, 695 (Alaska 1970). A review of the record reveals that Layman explained in detail the skid tests he performed and the instruments he used to determine Lenord's speed. In reaching his conclusion, Layman accounted for the differences in weight and brakes between the test car and Lenord's car and the effect of the collision on Lenord's speed.

■ Although it is a close question as to whether the exclusion of Layman's opinion was an abuse of discretion, any error that may have been committed in that regard would have been harmless. Layman testified that his patrol car would have to have been traveling at least 40 miles per hour to leave the same skid marks as the Lenord car, and that any variable between the patrol car and Lenord's would mean that the latter must have been traveling somewhat faster than 40 miles per hour. It is apparent therefore that the essence of Layman's conclusions was before the jury.

### Racing Instructions

The trial court instructed the jury that racing, in violation of 13 AAC 02.330, is negligence per se.[10] Plaintiffs claim there is insufficient evidence in the record to support an instruction on racing.

■ A trial court may adopt a statute or regulation as the appropriate standard of care, if there is "sufficient evidence from which a jury could reasonably infer

---

8. *See, e. g., Clark v. Pamplin*, 147 Cal.App.2d 676, 305 P.2d 950 (1957); *Cavalli v. Luckett*, 40 Cal.App.2d 250, 104 P.2d 708 (Cal.App.1940); *Weiland v. Vigil*, 560 P.2d 939 (N.M.App.1977).

9. Before a police officer may give an opinion as to speed based on skidmarks and speed tests, counsel must show that the officer considered any significant dissimilarities between the test conditions and the accident conditions. Variables that may be relevant include road, tire, and brake conditions, vehicle weight, and the effect of the collision. *See* Annot. 29 A.L.R.3d 248, 253 (1970).

10. Instruction No. 16 reads as follows:

Title 13 of the Alaska Administrative Code § 02.330 provides as follows:

(a) A person may not race a motor vehicle except as provided in this section. Persons comparing or contesting relative speeds of vehicles by simultaneous operations, whether or not the speed exceeds the maximum prescribed by law, violate this section.

If you find that a party to this action violated the traffic regulation just read to you, you will find such violation was negligence unless such party proves by a preponderance of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

the statute was violated." *Bachner v. Rich,* 554 P.2d 430, 441 n. 12 (Alaska 1976). The test for determining whether there is sufficient evidence to support a negligence per se instruction is "whether the facts and resulting inferences are such that reasonable people, viewing the evidence in the light most favorable to the party seeking the instruction could justifiably have different views on the question." *Godfrey v. Hemenway,* 617 P.2d 3, 7–8 (Alaska 1980).

■ There was sufficient evidence introduced at trial to support an instruction on racing. Officer Layman testified that both Bailey and Wise stated, after the accident, that Bailey accelerated to "catch up" with Blackburn after Blackburn passed them. Dr. Ha, who interviewed Bailey after the accident testified that Bailey told him he and Blackburn were "running the road," trying to pass each other, and their speed was such that they could not stop at the yield sign. The evidence is undisputed

that the two vehicles were traveling down the road side-by-side. There is also evidence that both motorcycles disobeyed the yield sign on Dunbar Street. Viewing the evidence in the light most favorable to Lenord, we believe reasonable jurors could have concluded plaintiffs were racing. Therefore, the trial court did not abuse its discretion in instructing the jury that racing, in violation of 13 AAC 02.330, is negligence per se.

### Negligent and Reckless Driving Instructions

■ Plaintiffs claim the trial court erred in not adding negligence per se language to Instruction No. 17 which defines reckless and negligent driving.[11] In *Ferrell v. Baxter,* 484 P.2d 250, 263 (Alaska 1971) we adopted the principles set forth in the Restatement (Second) of Torts §§ 286, 288A and 288B[12] in holding that a trial court

11. Instruction No. 17 reads as follows:
 Alaska law does not permit what is called negligent driving or reckless driving. The law relating to negligent driving states that:
 A person who drives a motor vehicle in the state in a manner which creates an unjustifiable risk of harm to a person or to property and who, as a result of the creation of the risk, actually endangers a person or property is guilty of negligent driving. An unjustifiable risk is a risk of such a nature and degree that a failure to avoid it constitutes a deviation from the standard of care that a reasonable person would observe in the situation.
 Proof that a defendant actually endangered a person or property is established by showing that, as a result of the defendant's driving,
 (1) an accident occurred;
 (2) a person, including the defendant, took evasive action to avoid an accident;
 (3) a person, including the defendant, stopped or slowed down suddenly to avoid an accident; or
 (4) a person or property, including the defendant or his property, was otherwise endangered.
 The law relating to reckless driving states that:
 A person who drives a motor vehicle in the state in a manner which creates a substantial and unjustifiable risk of harm to a person or to property is guilty of reckless driving. A substantial and unjustifiable risk is a risk of such a nature and degree that the conscious disregard of it or a failure to perceive it constitutes a gross deviation from the stan-

dard of conduct that a reasonable person would observe in the situation.

12. Restatement (Second) of Torts § 286 (1965) provides:
 The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
 (a) to protect a class of persons which includes the one whose interest is invaded, and
 (b) to protect the particular interest which is invaded, and
 (c) to protect that interest against the kind of harm which has resulted, and
 (d) to protect that interest against the particular hazard from which the harm results.
 Restatement (Second) of Torts § 288A (1965) provides:
 (1) An excused violation of a legislative enactment or an administrative regulation is not negligence.
 (2) Unless the enactment of regulation is construed not to permit such excuse, its violation is excused when
 (a) the violation is reasonable because of the actor's incapacity;
 (b) he neither knows nor should know of the occasion for compliance;
 (c) he is unable after reasonable diligence or care to comply;
 (d) he is confronted by an emergency not due to his own misconduct;
 (e) compliance would involve a greater risk of harm to the actor or to others.

may, in its discretion, adopt a statute or regulation rather than the common law reasonable person standard as the applicable standard of care. Substitution of a statute or regulation is only appropriate where the statute or regulation prescribes specific conduct. Substitution is not appropriate where the statute or regulation sets out a general or abstract standard of care. *Northern Lights Motel Inc. v. Sweaney*, 561 P.2d 1176, 1183 (Alaska 1977); *Bachner v. Rich*, 554 P.2d 430, 441–42 (Alaska 1976); and *Lester v. John R. Jorgensen Co.*, 400 F.2d 393, 396 (6th Cir. 1968).

▉ Alaska's statutes defining reckless and negligent driving do not prescribe specific conduct, but rather state that a person shall not drive a motor vehicle in a manner which creates an unjustifiable risk. The statutes define unjustifiable risk as a "risk of such nature and degree that a failure to avoid it constitutes a deviation from the standard of care a reasonable person would observe...." Thus the statutes merely codify the usual common law standard of care. Because the statutes do not set forth precise standards of care, the trial court properly refused to add negligence per se language to Instruction No. 17.

▉ Plaintiffs' contention that they were prejudiced because negligence per se language was included in Instructions No. 14 and No. 16, which were directed against plaintiffs, is without merit. The regulations contained in Instruction 14 and Instruction 16 prescribe specific forms of conduct. 13 AAC 02.130 referred to in Instruction 14 states that a driver approaching a yield sign must stop or slow down. 13 AAC 02.330, referred to in Instruction 16, prohibits racing. Plaintiffs were not prejudiced simply because the trial court correctly found negligence per se to be applicable to regulations prescribing particular conduct, but inapplicable to statutes couched in general and abstract terms.

### New Trial Motion

Plaintiffs' final argument is that the court erred in denying their motion for a new trial.

▉ "The matter of granting or refusing a new trial rests in the sound discretion of the trial judge." *Ahlstrom v. Cummings*, 388 P.2d 261, 262 (Alaska 1964). If there was an evidentiary basis for the jury's decision, the denial of a new trial must be affirmed. On the other hand, where "the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust," a reversal of a denial of a new trial is proper.[13] Finally, in reviewing the denial of a motion for a new trial, we must view the evidence in the light most favorable to the non-moving party. *City of Palmer v. Anderson*, 603 P.2d 495, 501 (Alaska 1979).

▉ Viewing the evidence in the light most favorable to Lenord, we conclude that there was an ample evidentiary basis for the jury's verdict. Lenord testified that he was traveling between 25 and 30 miles per hour in a 30 mile per hour zone. Other evidence that Lenord was driving in a normal manner was introduced at trial. Although witnesses for the plaintiffs testified that Lenord was speeding, the jurors were entitled to disbelieve their testimony. Because evidence of Lenord's non-negligence was not so slight or lacking as to make the verdict plainly unjust and unreasonable, we conclude that the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial.

AFFIRMED.

---

Restatement (Second) of Torts § 288B (1965) provides:

(1) The unexcused violation of a legislative enactment or an administrative regulation which is adopted by the court as defining the standard of conduct of a reasonable man, is negligence in itself.

(2) The unexcused violation of an enactment or regulation which is not so adopted may be relevant evidence bearing on the issue of negligent conduct.

**13.** *Sloan v. Atlantic Richfield Co.*, 541 P.2d 717, 724 (Alaska 1975), *quoting Ahlstrom v. Cummings*, 388 P.2d 261, 262 (Alaska 1964).