Susan J. BLACKFORD, and Robert C.
Blackford, as husband and wife,
Appellants,

v.

Wayne I. TAGGART, Appellee.

No. 6827.

Supreme Court of Alaska.

Nov. 4, 1983.

Dale J. Walther, Mike Flanigan, Clark, Walther & Flanigan, Anchorage, for appellants.

Andrew J. Kleinfeld, Fairbanks, for appellee.

\* Shortell, Superior Court Judge, sitting by assignment made pursuant to Article IV, Section 16 of the Constitution of Alaska.

1. Taggart contends that Blackford's motion for judgment N.O.V. or new trial was filed after the ten day limit provided under Alaska R.Civ.P. 50(b), and was therefore untimely. Verdict was rendered March 25, 1982. Judgment was entered on March 26 with an erroneous reference to proximate cause. On March 30, Blackford filed an "Objection to Notice of Entry of Judgment." A corrected judgment, deleting reference to proximate cause, was filed April 5. Blackford filed a motion for judgment notwithstanding the verdict and new trial on April 13.

We construe Blackford's March 30 "Objection" as a motion under Alaska R.Civ.P. 59(f), which reads:

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and SHORTELL, Judge.*

## OPINION

SHORTELL, Judge.

This case arises out of a simple rear end collision which took place on a wet, dark December evening in Fairbanks. Robert Blackford, an attorney and plaintiff below, had stopped his car on the westbound side of Farewell Street, in front of a child care center, just before he was hit from behind by a car driven by Wayne Taggart. Taggart had been driving about 20 m.p.h., three to four car lengths behind Blackford's car, and slowed to about 5 m.p.h. before hitting Blackford's car. Visibility was poor and the street was slick. Traffic on the westbound side of the street was light.

Taggart and two passengers in his car at the time of the accident testified at trial that Blackford's tail lights were on, but not his brake lights or turn signal, creating the illusion that Blackford's car was moving. There was evidence that the electrical wiring of Blackford's car had been damaged in a previous collision.

After a three-day trial, the jury returned a special verdict that Taggart was not negligent. The trial court denied Blackford's motion for judgment N.O.V. or a new trial.[1] Blackford's motion for directed verdict had been denied at the close of the case.

A motion to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment.

See Sea Ranch Association v. California Coastal Zone Conservation Comm'n, 537 F.2d 1058 (9th Cir.1976); Southern States Equipment Corp. v. USCO Power Equipment Corp., 209 F.2d 111 (5th Cir.1953).

A Rule 59(f) motion suspends the time for filing an appeal. City of Anchorage v. Chugach Electric Association, Inc., 394 P.2d 673, 675 (Alaska 1964). Similarly, it suspends the time for filing a motion for judgment N.O.V. or new trial. We hold that Blackford's motion was timely.

In reviewing denials of motions for directed verdict or judgment N.O.V., we take a retrospective view of the evidence in the light most favorable to the non-moving party. Unless reasonable jurors could not differ, the jury's verdict will be affirmed. *Holiday Inns of America, Inc. v. Peck,* 520 P.2d 87, 92 (Alaska 1974); *City of Fairbanks v. Nesbett,* 432 P.2d 607, 611 (Alaska 1967). The standard of review for denial of a motion for a new trial is more rigid. Reversal of a denial of such a motion is proper only where "the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust." *Bailey v. Lenord,* 625 P.2d 849, 856 (Alaska 1981) (*citing Sloan v. Atlantic Richfield Co.,* 541 P.2d 717, 724 (Alaska 1975)).

In two prior cases involving rear end collisions, the trial courts had denied plaintiffs' motions for directed verdicts and the juries returned verdicts for the defendants. In both cases this court reversed. *Grimes v. Haslett,* 641 P.2d 813 (Alaska 1982); *Hahn v. Russ,* 611 P.2d 66 (Alaska 1980). Those two cases, however, can be distinguished from the case at bar. In *Grimes,* the defendant driving the second car failed to stop "for no apparent reason." *Grimes v. Haslett,* 641 P.2d at 819. In *Hahn,* traffic was heavy, and a passenger in the defendant's car observed plaintiff's brake lights before plaintiff's car stopped. The court could find "no explanation for the accident." *Hahn v. Russ,* 611 P.2d at 68.

There is, on the other hand, a reasonable explanation for the collision between the Blackford and Taggart vehicles. Traffic on Farewell Street appeared to have been moving along steadily, and Blackford, apparently, gave no indication of his intention to stop or turn as required by law. *See* 13 AAC 02.215 Turning Movements and Required Signals; 13 AAC 04.035 Stop Lights; 13 AAC 04.037 Turn Lights. As we noted in *Hahn,* "[w]here there is no reason to anticipate the conduct of the preceding driver, the driver who follows may not be responsible for the collision." *Hahn v. Russ,* 611 P.2d at 67, (*citing*

*Rhoades v. DeRosier,* 14 Wash.App. 946, 546 P.2d 930 (1976)); *see Clabaugh v. Bottcher,* 545 P.2d 172, 176 (Alaska 1976).

A following motorist has the right to assume, unless he has notice to the contrary or in the exercise of reasonable care he should have notice to the contrary, that a preceding motorist will obey the law. *See, Perdue v. Pacific Telephone & Telegraph Co.,* 213 Or. 596, 326 P.2d 1026, 1030 (1957).

Taggart contends that he failed to slow down in time to avoid the crash because Blackford's failure to signal or display brake lights deceived him into thinking Blackford's car was moving. This is "a normal and not uncommon illusion, . . ." *McCoy v. Alaska Brick Co.,* 389 P.2d 1009, 1010 (Alaska 1964), one which can be especially deceptive during periods of darkness. Reasonable jurors could disagree on whether Taggart was negligent in failing to see that Blackford's car was not moving before it was too late to stop. There is substantial evidence in the record suggesting unusual or unexpected conduct by Blackford which could not reasonably have been anticipated by Taggart. *See, Rhodes v. DeRosier,* 14 Wash.App. 946, 546 P.2d 930 (1976). Accordingly, we affirm the trial court's denial of Blackford's motions for directed verdict, judgment N.O.V. or new trial.

*The Trial Court's Refusal To Grant A Continuance*

Blackford raises two additional points which merit only brief discussion. He argues that the trial court abused its discretion in denying his motion for continuance. A few days before trial, defense counsel broke his leg. Blackford reasoned that because he was an attorney—plaintiff seeking money damages for injuries suffered in the accident, the jury would be prejudiced by seeing another attorney at work with a cast on his leg.

A trial court's refusal to grant a continuance will not be disturbed on appeal unless an abuse of discretion is demonstrated. *W.E.W. v. D.A.M.,* 619 P.2d 1023, 1024 (Alaska 1980); *Reese v. Geiermann,* 574

P.2d 445, 446 (Alaska 1978); *Gregoire v. National Bank of Alaska,* 413 P.2d 27, 33 (Alaska 1966). The court below cautioned Taggart's attorney not to argue on the basis of his condition, and made certain that the attorney's disability would not interrupt or interfere with trial proceedings. The court determined that the jury could distinguish between the defense attorney and the plaintiff, and offered to issue cautionary instructions or to ask the jurors if counsel's condition would have any effect on their judgment. We find no abuse of discretion and no justification for reversing the superior court's refusal to grant a continuance.

*Award of Attorney's Fees*

Blackford also argues that the award of $6,000 in attorney's fees and $1,641.74 in costs against him was excessive. We disagree.

■ Review of a trial court's award of attorney's fees and costs "is limited ... to the question of whether the court exceeded the bounds of the broad discretion vested in it." *City of Valdez v. Valdez Development Co.,* 523 P.2d 177, 184 (Alaska 1974) (*quoting Preferred General Agency of Alaska, Inc. v. Raffetto,* 391 P.2d 951, 954 (Alaska 1964)).

■ Alaska R.Civ.P. 82(a)(1) reads, in part: "Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court in its discretion in a reasonable amount."[2] Taggart's attorney spent over a year in preparation, Taggart's potential liability was in excess of $50,000, numerous depositions were taken, and the trial lasted three days. Under the circumstances, we do not believe that the award of attorney's fees and costs was manifestly unreasonable. *Cf. Palfy v. Rice,* 473 P.2d 606, 613 (Alaska 1970).

2. Alaska R.Civ.P. 82(a)(1) provides the following schedule for fixing attorney's fees for the party recovering a money judgment:

ATTORNEY'S FEES IN AVERAGE CASES

| | | Contested | Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $2,000 | 25% | 20% | 15% |
| Next | $3,000 | 20% | 15% | 12.5% |
| Next | $5,000 | 15% | 12.5% | 10% |
| Over $10,000 | | 10% | 7.5% | 5% |

The judgment of the superior court is AFFIRMED.

Using the "contested" schedule, based on $50,000, Taggart would be entitled to $5,850, not including prejudgment interest. Although the superior court was not bound to use the schedule, it appears that the court did rely on it as a guide for reasonable attorney's fees in this case.