STOWERS, Chief Justice,
concurring.
I respectfully concur in the court's opinion, Most Alaskans with any significant winter driving experience understand that sometimes, notwithstanding the exercise of reasonable care in driving on iey roads, vehicles simply fail to stop as anticipated and low-speed, minimal-damage collisions occur. In such situations, it is the jury's role and responsibility to decide whether the driver of the following vehicle was negligent. I trust the jury to reach a correct result, In this case, the jury plainly did not believe that Peter was negligent, and this court properly affirms its verdict.
I write separately to express my doubt regarding the soundness of cases like those cited in the court's opinion, particularly *959 Green v. Plutt[1] and Grimes v. Haslett.[2] These cases are conceptually similar to Marshall's case, where following drivers were unable to stop their vehicles in the face of an unexpected, sudden condition and rear-ended the preceding vehicles. Juries found the following drivers not negligent. This court overturned the juries' verdicts, holding that the trial court judges erred in not granting plaintiffs' motions for directed verdicts.
I am skeptical about these outcomes. Though I acknowledge that these cases are precedent, I find it troubling that this court in the past has interjected itself in the role of juries, deciding which sets of facts and highway conditions are sufficient to uphold a jury's verdict and which are insufficient, We should trust and respect the jury's exercise of its collective wisdom in all of these cases; we should only overturn a jury's verdict when the evidence supporting the verdict is so plainly lacking that no reasonable person could conclude the following driver was not negligent.

. Green v. Plutt, 790 P.2d 1347 (Alaska 1990).

. Grimes v. Haslett, 641 P.2d 813 (Alaska 1982).