Trula M. **LOPEZ**, Appellant,

v.

Patrick L. **BOWEN**, and Alaska Air Forwarding Corporation, a corporation, Appellees.

No. 1386.

Supreme Court of Alaska.

March 21, 1972.

Thomas E. Curran, Jr., of Savage & Curran, John S. Hedland, of Rice, Hoppner, Blair & Associates, Anchorage, for appellant.

Kenneth P. Jacobus, of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for appellees.

Before BONEY, C. J., and RABINOWITZ and CONNOR, JJ.

## OPINION

BONEY, Chief Justice.

The plaintiff, Trula M. Lopez, appeals from a judgment for the defendants, Alaska Air Forwarding Corp. and its employee Patrick L. Bowen.

The action arose out of an automobile accident at the intersection of 9th and A Streets on Elmendorf Air Force Base near Anchorage, Alaska. Bowen, driving a truck owned by Alaska Air Forwarding, had travelled north on A Street and stopped at the stop sign at the intersection of that street with 9th. After checking the traffic, Bowen proceeded to make a left turn onto 9th. As he entered the far lane of 9th, the right front fender of his truck collided with the left front portion of Lopez's car.

A side view mirror mounted on the right front door of the truck created a blind spot in Bowen's vision. The area blocked extended from a point 150 feet to a point 200 feet away to the right, the direction from which Lopez approached. Bowen testified that he did not see the vehicle driven by Lopez at any time prior to the accident, apparently because her car was in his blind

spot and he failed to look around the mirror.

The suit was commenced on October 11, 1968. The complaint alleged that Lopez had been injured by Bowen through his negligence while he was acting within the scope of his employment by Alaska Air Forwarding. The answer denied negligence and alleged that Lopez had been contributorily negligent.

The trial was conducted in August, 1970. Bowen testified to the facts as stated. The only other testimony offered on the question of liability was that of Lopez. Lopez suffers from a chronic psychosis, technically paranoid schizophrenia. Her testimony was to the effect that the truck deliberately struck her car under orders from a plane flying overhead. The bulk of the testimony presented by each party related to the question of damages: Lopez attempted to show that the accident caused physical injury and aggravated her pre-existing mental disorder; the defendants attempted to show the contrary. The jury returned a verdict for the defendants and judgment was entered accordingly on August 24, 1970. Notice of appeal was filed on September 21, 1970.

■ The only issue raised on appeal is the propriety of the trial court's instruction that a violation of a traffic regulation by Bowen shall constitute "evidence of negligence" rather than "negligence per se."

Section 104.53 of the Traffic Regulations of the State of Alaska, as in force at the time of the accident,[1] provided:

(a) Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle approaching a stop intersection, indicated by a stop sign, shall stop before the crosswalk on the near side of the intersection, or in the event there is no crosswalk, at a clearly marked stop line, but if none then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway.

After having stopped, the driver shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.

As to the effect of a violation of that provision, the court told the jury:

If you find that the defendant, Patrick Bowen, violated the above traffic regulation on the occasion in question, then you are instructed that this is *evidence of negligence* on the part of the defendant sufficient to find in plaintiff's favor on that issue, unless you are convinced under all the facts and circumstances in evidence that the defendant was not negligent before and at the time of the occurrence. (Emphasis added.)

The court had refused to give the instruction requested by Lopez that:

You are further instructed that if you find that the defendant violated the traffic regulation just read to you and that such violation was a proximate cause of injury to the plaintiff, you will find that such violation was negligence.

Lopez contends that the court erred in giving an "evidence of negligence" instruction rather than a "negligence per se" instruction.

On April 21, 1971, we published our decision in Ferrell v. Baxter [2] adopting the rules set forth in the Restatement (Second) of Torts [3] on the effect of a violation of a traffic statute, regulation, or ordinance.[4] Our holding in that case was that a party is entitled to a "negligence per se" instruction when the court finds that the traffic statute, regulation, or ordinance allegedly violated is designed: to protect a class of

---

1. This regulation in amended form is now found in 13 A.A.C. 02.130.

2. 484 P.2d 250 (Alaska 1971).

3. §§ 286, 288A, 288B (1965).

4. 484 P.2d at 263–264.

persons of which that party is a member; to protect that party's particular interest invaded; to protect that interest from the type of harm which resulted; and, to protect that interest from the particular hazard which caused that harm. If Ferrell v. Baxter applies to this case, Lopez is unquestionably entitled to a "negligence per se" instruction. As a driver approaching an intersection controlled by a stop sign, she was within the class of persons protected. Her interest in being able to drive free from injury was the one invaded. A collision was the sort of harm the regulation was designed to prevent. The regulation was designed to protect against the hazard of drivers entering intersections before they are cleared of traffic.

■ The defendants argue that the giving of an "evidence of negligence" instruction was not error because the trial was completed prior to the date of the publication of the decision in Ferrell v. Baxter and because that case should be given only prospective, and not restrospective, application.

We need not reach the question whether Ferrell v. Baxter should be given retrospective application for we feel that the present case comes under the rule of Ferrell v. Baxter for a more limited reason.[5] In Fresneda v. State[6] a new rule was denied full retrospective effect but applied to those cases pending on direct appeal at the time the new rule was announced.[7] Here, the notice of appeal was filed seven months prior to the publication of our decision in Ferrell v. Baxter, and thus, under Fresne-

da v. State, the present case comes within the rule of Ferrell v. Baxter. Therefore, we hold that the trial court erred in refusing to give a "negligence per se" instruction and in giving an "evidence of negligence" instruction.

The defendants offer two arguments that any error committed by the trial court in the giving of an "evidence of negligence" instruction was harmless.

First, they argue that the inescapable conclusion of a review of the evidence in this case is that Bowen was negligent. The defendants contend that therefore a verdict for the defendants means that the jury found the plaintiff, Lopez, to have been contributorily negligent. There thus being an alternative ground upon which the verdict may be upheld, the defendants would have us hold the error in giving an "evidence of negligence" instruction harmless. We cannot accept this argument for it fails to account for the essential difference between an "evidence of negligence" instruction and a "negligence per se" instruction. The former leaves the burden of proving negligence on the shoulders of the party alleging a statutory violation on the part of his opponent. The latter, however, shifts the burden of proof so that the party who violated the statute or regulation must "prove affirmatively that his violation was excused."[8] The "evidence of negligence" instruction cannot have been harmless for it failed to shift the burden of proof from Lopez to defendants.

Second, the defendants argue that section 104.53 of the Traffic Regulations of

---

5. For a civil case where we faced the problem of retrospective application of a new rule, see Scheele v. City of Anchorage, 385 P.2d 582, 583–584 (Alaska 1963). There we repudiated the language in City of Fairbanks v. Schaible, 375 P.2d 201, 211 (Alaska 1962), which had limited to prospective application the new rule abolishing sovereign immunity.

6. 458 P.2d 134 (Alaska 1969).

7. *Id.* at 143 n. 28; *accord,* Robinson v. State, 484 P.2d 686, 688 n. 7 (Alaska

1971); Judd v. State, 482 P.2d 273, 281 (Alaska 1971) (Rabinowitz, J., concurring). The rationale for the Fresneda v. State rule on retrospective application is that where several cases are pending on appeal which each present the same issue, the fortuity of which case is first decided should not be determinative of that issue in the other cases.

8. Ferrell v. Baxter, 484 P.2d 250, 266 (Alaska 1971).

the State of Alaska was not directly in force on Elmendorf Air Force Base and that Lopez therefore did not comply with the requirements of the judicial notice rule, Alaska Rule of Civil Procedure 43(a) (3).[9] They conclude that the trial court could not properly have taken judicial notice of the regulation or of any other statute, ordinance, or regulation in force on Elmendorf and that therefore the instruction given cannot have been prejudicial to anyone but the defendants.

We disagree with the defendants. Essentially the same regulation is in force on Elmendorf.[10] Therefore any error committed by the court in judicially noticing the wrong regulation was not prejudicial to the defendants and does not render the error in giving an improper instruction harmless.

We conclude, therefore, that the error in refusing to give a "negligence per se" instruction and in giving an "evidence of negligence" instruction instead was not harmless.

The judgment is reversed and the case is remanded for a new trial.

ERWIN, J., not participating.

9. Alaska R.Civ.P. 43(a) (3) provides in relevant part:

> Upon the request of a party, the court shall take judicial notice of each matter specified in (2) of this subdivision if the requesting party furnishes the judge sufficient information to enable him properly to comply with the request . . . .

Alaska R.Civ.P. 43(a) (2) [a] allows judicial notice of:

> Private acts and resolutions of the Congress of the United States and of the legislature of this state, and duly enacted ordinances and duly published regulations of governmental subdivisions or agencies of this state.

10. Section 0215(c) (2) of Wing Manual No. 125–1, the Elmendorf Air Force Base Traffic Code, provides:

Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line, but if none, then at a point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. Before entering the intersection, the operator of the vehicle so stopped shall yield the right-of-way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.