James O. ADKINS, Appellant,

v.

Michael LESTER et al., Appellees.

Brenda S. ADKINS and James O. Adkins, Appellants,

v.

CITY OF FAIRBANKS and Michael Lester et al., Appellees.

Nos. 2078, 2113.

Supreme Court of Alaska.

Feb. 3, 1975.

O. Nelson Parrish and James Parrish, Fairbanks, for appellant Brenda Adkins.

Burton C. Biss, Anchorage, for appellant James O. Adkins.

Thomas E. Fenton, of Call, Haycraft & Fenton, Fairbanks, for appellee Michael Lester.

D. Rebecca Snow, Law Office of Charles E. Cole, Fairbanks, for appellee City of Fairbanks.

Before CONNOR, ERWIN, BOOCH-EVER and FITZGERALD, JJ.

OPINION ON REHEARING

CONNOR, Justice.

Appellee City of Fairbanks in its petition for rehearing points out that at page 17 of our opinion we misstate the actualities of the case where we say:

"  .   .   . The jury responded that it found no negligence on the part of appellees but did not respond to the ques-

tion of whether appellee Lester's actions were a legal cause of the accident."

In fact the jury did respond to the interrogatory on causation as follows:

"2. If any of the parties were negligent, was that party's negligence a proximate cause of the collision?

|  | Yes | No |
|---|---|---|
| Adkins | X | |
| Lester | | X |
| City of Fairbanks | — | X " |

However, as we have stated elsewhere in the opinion, on the facts of this case we deem the evidence on negligence and causation issues to be intertwined. From the way the interrogatory is phrased, it is quite possible that the jury, having found no negligence by appellees, thought that it must, therefore, find no causation.

The excluded opinion testimony of Officer Burnett that the speed of the emergency vehicle was excessive and was a contributing cause to the accident might have affected the answers of the jury as to both the negligence and causation issues. For these reasons the petition for rehearing is denied.

RABINOWITZ, C. J., not participating.