**Laurie J. CLABAUGH, Petitioner,**

v.

**Eugene F. BOTTCHER, Respondent.**

**No. 2481.**

Supreme Court of Alaska.

Jan. 23, 1976.

J. Robin Hunt, of Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for petitioner.

20. *See Mobil Oil Corp. v. Local Boundary Commission*, 518 P.2d 92, 104 (Alaska 1974).

John F. Rosie, Fairbanks, for respondent.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and BURKE, JJ.

BURKE, Justice.

This matter is before us on a petition for review. The subject of the petition is an order granting summary judgment, on the issue of liability, in an action for damages in the superior court.

On February 3, 1974, an automobile accident occurred at the intersection of Chena Hot Springs Road and the Steese Highway, near Fairbanks, Alaska. Two vehicles were involved in the accident. One, a G.M.C. pickup truck, was driven by respondent Eugene F. Bottcher. The other, a 1971 Volkswagen, was driven by petitioner Laurie J. Clabaugh.

At the time of the accident respondent was stopped at a stop sign on Chena Hot Springs Road. Petitioner, traveling in the same direction, collided with respondent when she was unable to bring her own vehicle to a stop as she approached him from the rear.

Alleging negligence on the part of petitioner, respondent filed an action in the superior court complaining of personal injuries and damage to his vehicle. Petitioner answered the complaint, denying that she was negligent. With her answer she filed a written demand for trial by jury. Thereafter respondent filed a motion for summary judgment on the issue of liability.[1]

In support of his motion respondent argued that subsequent to the accident petitioner had been cited for a violation of the state's basic speed law.[2] that she had entered a plea of guilty to such charge, and that, from these facts, he was entitled to judgment as a matter of law on the issue of liability. The sole evidentiary support filed with his motion was a certified copy of a Uniform Traffic Ticket and Complaint alleging a violation of Alaska's basic speed law by petitioner. On the reverse side of that document, under the heading of "Court Action and other Orders", appeared the following:

2–19–74. Fine in the amount of $10.00 received as required by court schedule.

In response petitioner filed a memorandum in opposition to the motion for summary judgment together with a statement of genuine issues and an affidavit describing the events leading up to the accident. At the same time petitioner filed a motion for leave to make the State of Alaska a third party defendant. By her third party complaint petitioner sought contribution from the State of Alaska, as a joint tortfeasor, under the Alaska Uniform Contribution Among Tortfeasors Act,[3] alleging

1. Rule 56(a), Alaska Rules of Civil Procedure, provides:

A party seeking to recover upon a claim, counterclaim or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move for a summary judgment in his favor upon all or any part thereof.

2. 13 AAC 02.275 provides, in part:

(a) A person may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards existing at the time. Speed shall be controlled so as to avoid colliding with a person, vehicle or other conveyance operated in compliance with a legal requirement.

\* \* \* \* \*

(c) A driver of a vehicle shall, consistent with (a) of this section, drive at an appropriate reduced speed when approaching and crossing an intersection or railroad crossing, when approaching and going around a curve, when approaching a hillcrest, when traveling upon a narrow or winding roadway, or when a special hazard exists with respect to a pedestrian or other traffic, or by reason of weather or roadway condition.

3. § 1, ch. 80, SLA 1970, codified as AS 09.16.

that the accident was caused by improper design and maintenance of Chena Hot Springs Road.

The affidavit filed by petitioner contained the following language:

LAURIE J. CLABAUGH, being first duly sworn under oath, deposes and says:

1. That I am the Defendant in this action.

2. That on February 3, 1974, I was driving a vehicle owned by Delbert Jensen toward Fairbanks on Chena Hot Springs Road.

3. That this was the first occasion I had to travel Chena Hot Springs Road in the direction of Fairbanks either as a passenger or as a driver.

4. That the last speed limit sign prior to the accident, which was located approximately ¾ of a mile from the accident scene, indicated a limit of 40 miles per hour.

5. That immediately before the scene of the accident, I came over the crest of a hill and began to travel a downgrade, which continued to the point of impact.

6. At approximately half-way down the downgrade at a point three hundred feet from the accident, there was posted a "Stop Ahead" sign. This was my first warning that I was approaching an intersection.

7. That as I looked ahead to the intersection, I could see a vehicle stopped on Chena Hot Springs Road waiting to enter the Steese Highway.

8. That I slowed and braked the vehicle which I was driving and made every reasonable effort to bring the vehicle to a stop behind the vehicle of the plaintiff Eugene F. Bottcher.

9. That the roadway was extremely slippery and because of this slippery condition and the downward incline of the roadway, my deceleration and braking had virtually no affect upon the vehicle which I was driving, rendering me unable to stop.

10. That rather than to contest the citation for violation of the basic speed law which was issued to me, acting without the advice of counsel, my friend Delbert Jensen paid a $10.00 fine to dispose of the ticket.

11. That I believe the reason why I was unable to stop was the improper design of the roadway, the failure to warn me to reduce speed below 40 miles per hour, the insufficient warning of the approach to the intersection and the extremely slippery condition of the roadway.

12. That I have moved to bring the State of Alaska into this action as a third party defendant.

Dated this 25th day of February, 1975.
s/ LAURIE J. CLABAUGH

On March 13, 1975, the superior court announced its decision to grant respondent's motion for summary judgment. At the same time the court granted petitioner's motion for leave to file her third party complaint against the State of Alaska. Formal orders disposing of both motions were signed on March 18, 1975, and filed on March 20, 1975. Petitioner thereupon sought review.

In granting summary judgment the superior court did not rely upon petitioner's alleged plea of guilty to a violation of the basic speed law.[4] Instead, the court looked to the information supplied by petitioner's affidavit, holding that her own account of the accident showed that there were no genuine issues of material fact concerning petitioner's negligence and that, therefore, respondent was entitled to judgment as a matter of law.

---

4. The sufficiency of the showing on that issue, to support the grant of summary judgment, has not been raised. We, therefore, do not consider the matter at this time.

■ The standard to be applied by the trial court in ruling on motions for summary judgment is found in Rule 56(c), Alaska Rules of Civil Procedure. The rule provides, in part:

> Judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.[5]

■ Respondent contends, and the trial court held, that petitioner's affidavit shows that she inexcusably violated the basic speed law and, therefore, under our decision in *Ferrell v. Baxter*, 484 P.2d 250 (Alaska 1971), her violation constituted

negligence *per se*, entitling him to judgment on the issue of liability as a matter of law. Petitioner argues that under our later holding in *Breitkreutz v. Baker*, 514 P.2d 17 (Alaska 1973), she was entitled to have that question determined in a jury trial.

In *Ferrell* we adopted the rules set forth in Restatement (Second) of Torts §§ 286, 288A and 288B (1965),[6] and upheld the trial court's adoption of a regulation such as.13 AAC 02.275 as a standard of reasonable behavior displacing common law negligence.[7] We also approved a negligence *per se* instruction in that case. In *Breitkreutz* we modified the expansive application of negligence *per se* set out in *Ferrell*. In that case, an earlier version of 13 AAC 02.275 was the applicable regulation. We held that the language of the regulation was so general, imposing nothing more than a duty to be reasonable and prudent, that negligence *per se* was not appro-

---

5. In applying the rule the court is required to draw all reasonable inferences in favor of the non-moving party and against the movant. *Alaska Rent-A-Car, Inc. v. Ford Motor Co.*, 526 P.2d 1136 (Alaska 1974); *Nizinski v. Golden Valley Electric Association, Inc.*, 509 P.2d 280 (Alaska 1973). And, the burden is on the party seeking summary judgment to show an absence of material issues of fact. *Alaska Rent-A-Car, Inc. v. Ford Motor Co., supra; Concerned Citizens of South Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447 (Alaska 1974); *Ransom v. Haner*, 362 P.2d 282 (Alaska 1962).

6. Restatement (Second) of Torts § 286 (1965) provides:

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

Restatement (Second) of Torts § 288A (1965) provides:

(1) An excused violation of a legislative enactment or an administrative regulation is not negligence.

(2) Unless the enactment or regulation is construed not to permit such excuse, its violation is excused when

(a) the violation is reasonable because of the actor's incapacity;

(b) he neither knows nor should know of the occasion for compliance;

(c) he is unable after reasonable diligence or care to comply;

(d) he is confronted by an emergency not due to his own misconduct;

(e) compliance would involve a greater risk of harm to the actor or to others.

Restatement (Second) of Torts § 288B (1965) provides:

(1) The unexcused violation of a legislative enactment or an administrative regulation which is adopted by the court as defining the standard of conduct of a reasonable man, is negligence in itself.

(2) The unexcused violation of an enactment or regulation which is not so adopted may be relevant evidence bearing on the issue of negligent conduct.

7. *See also Rogers v. Dubiel*, 373 P.2d 295 (Alaska 1962).

priate, and the standards of ordinary negligence applied. We found persuasive the Ohio Supreme Court's analysis:

> In other words, if a positive and definite standard of care has been established by legislative enactment whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact, a violation is negligence per se; but where the jury must determine the negligence or lack of negligence of a party charged with the violation of a rule of conduct fixed by legislative enactment from a consideration and evaluation of multiple facts and circumstances by the process of applying, as the standard of care, the conduct of a reasonably prudent person, negligence per se is not involved.[8]

Here, as in *Breitkreutz*, negligence *per se* is not called for. That, however, does not end our inquiry, since under the principles of ordinary negligence, it appears that summary judgment was correctly granted. Petitioner's own affidavit establishes that she failed to exercise due care, as a matter of law.

It is clear that petitioner failed to control her speed so as to avoid colliding with plaintiff's vehicle. Her only explanations for the accident are the slippery condition of the road, and her personal belief that she was unable to stop because of improper highway design or lack of warning sufficient to enable her to reduce her speed as she approached the intersection.[9]

Petitioner admits that she was travelling Chena Hot Springs Road for the first time. Such being the case, we believe that any person in her position should have expected the unexpected. We further believe that all of the hazards she encountered were clearly foreseeable. It was early February, and any driver exercising the privilege of operating a motor vehicle on the highways of interior Alaska at that time of year must be expected to anticipate the presence of ice on the roadway and the possibility of slippery road conditions that will make it difficult to stop. Equally to be expected are downgrades where the added force of gravity will necessarily make braking more difficult, and intersections where other vehicles may be stopped or turning. Under the circumstances, and in view of the potential hazards existing at the time, petitioner was under a duty to reduce her speed as she approached the crest of the hill. Given the distance from there to the intersection, the presence of a warning sign 300 feet back from the point of impact, and the apparent lack of any obstructions to visibility, there should have been more than ample time for her to come to a stop, had she been operating her vehicle in a reasonably prudent manner.

In *Breitkreutz,* we held that the defendant was entitled to have his case go to the jury, since the conditions there—darkness, an icy roadway, the defendant's slow rate of speed, and a situation of sudden peril—presented a genuine issue of fact as to whether he had been negligent. Petitioner here fails to present any such evidence.

The judgment of the superior court is affirmed and the matter remanded for trial on the issue of damages.

Affirmed and remanded.

CONNOR, Justice (dissenting).

In my opinion genuine issues of material fact concerning petitioner's negligence were raised by her affidavit. I read 13 AAC 02.275 as stating a standard of general prudence. Under our holding in *Breitkreutz v. Baker,* 514 P.2d 17 (Alaska

---

8. *Eisenhuth v. Moneyhon,* 161 Ohio St. 367, 119 N.E.2d 440 (1954).

9. We are left to speculate as to the nature of those design defects or why the warnings were not adequate. It appears that respondent was able to stop his vehicle by the time he reached the intersection.

1973), I would submit to the trier of fact the question of whether petitioner negligently failed to control her speed to that which was reasonable and prudent under the criteria stated in 13 AAC 02.275.

Because petitioner was traveling Chena Hot Springs Road for the first time, the majority opinion places upon her a burden of anticipating the various hazards and unexpected conditions, and accordingly approaching the crest of the hill at a very reduced speed. I interpret the facts differently. I glean from petitioner's affidavit that she was driving in what appeared to her to be a normal manner under winter conditions, and that the combination of circumstances which she encountered was so unexpected that she could not avoid the collision. I think that on facts such as these the inquiry properly should go to whether she exercised due care in the light of all the circumstances. I would deny the motion for summary judgment.