**NORTHERN LIGHTS MOTEL, INC., Appellant,**

v.

**Avonna SWEANEY, as personal representative of Kenneth G. Stumbaugh, Deceased, Appellee.**

**No. 2476.**

Supreme Court of Alaska.

May 6, 1977.

---

Peter A. Galbraith and Murphy L. Clark, Anchorage, for appellant.

Joseph L. Young and W. Michael Moody, Atkinson, Conway, Young, Bell & Gagnon, Inc., Anchorage, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

## OPINION ON REHEARING

CONNOR, Justice.

Appellant Northern Lights Motel, Inc. has filed a petition for rehearing which asserts that our opinion usurps the province of the jury by making a factual determination which was not presented to the jury for its determination.

Appellant apparently misconceives the nature of our holding in respect to the imputation of knowledge to Edna Cox. The question presented on appeal was whether the trial court's instruction on that subject was in error. The trial court instructed the jury that the knowledge of Mr. Cox was the knowledge of Mrs. Cox, as a matter of law.

In reviewing the instruction we determined that it could not rest upon the mere joint *ownership* of the motel by Mr. and Mrs. Cox, although that was apparently the basis of the trial court's decision. However, under the settled rule that a trial court's actions may be affirmed when an alternative ground, not necessarily relied upon by the trial court, appears in the record, we examined the record to determine whether such a ground was present. *See, e. g., Fireman's Fund Am. Ins. Cos. v. Gomes,* 544 P.2d 1013, 1017 n.12 (Alaska 1976); *Ransom v. Haner,* 362 P.2d 282, 285 (Alaska 1961). We held, as a matter of law, that Mrs. Cox was a joint venturer with her husband and that knowledge could be imputed to her for that reason.

This is not, as appellant characterizes it, a travesty, or inconsistent with the idea of fair trial by jury. In fact, it is a settled practice on the part of an appellate court, in keeping with the traditions of the common law and settled techniques of appellate jurisdiction. The rule concerning appellate resort to alternative grounds of affirmance has its basis in practical considerations of judicial economy. It would be pointless to reverse and remand a case for a new trial, and an additional appeal, when the propriety of a trial court's actions can be determined from and is supported by the existing record. For this reason we affirmed the giving of Instruction No. 11A in this case.

The issue of imputing the knowledge of Mr. Cox to Mrs. Cox was not claimed by counsel for appellant in the trial court to be a jury issue. Indeed, he sought a directed verdict in his favor on this issue, and objected to instruction 11A not because it misstated the law in the abstract, but because there was, he alleged, no evidence in the record to support giving it. Accordingly, our review extends only to the question of whether the record contains evidence sufficient to support the trial court's ruling that, as a matter of law, the knowledge of Mr. Cox could be imputed to Mrs. Cox. Noth-

ing in the petition for rehearing cites any portion of the record which we overlooked in the process of appellate review. No cogent argument is presented for granting the petition for rehearing, and in this respect the petition is denied.

■ The petition for rehearing, however, is correct in stating that Tillie Legg, Mrs. Cox's agent, did not sign the fire inspection report which contained the notation that the walls of the building were constructed of ½ inch Gypboard. She did sign a copy of the report, but that copy does not indicate the composition of the walls. There is no evidence in the record that she signed, or knew of, the copy of the report which does contain these notations.

Therefore, our opinion filed February 25, 1977, 561 P.2d 1176, is modified by deleting the first paragraph on page 1188, and altering the second paragraph on page 1188 to read:

"Although the issue is close, we conclude it was not error for the trial court to decide that as a matter of law knowledge could be imputed to Mrs. Cox, instead of leaving the question for the jury. Knowledge of the manner of construction of the motel will be imputed by the law to Edna Cox because she and her late husband were joint venturers."

Our conclusion that the trial court was correct in imputing knowledge to Mrs. Cox was based both on these fire inspection reports, and on the evidence that Mr. and Mrs. Cox were joint venturers. Therefore, the deletion of this alternative ground does not alter our conclusion that the judgment of the superior court should be affirmed.

ERWIN, J., not participating.