Ralph KAVORKIAN, Individually and as Personal Representative of the Estate of Gladys Marie Kavorkian. Sarah Kavorkian, and Fred Brantingham, Individually and as Father and Best Friend of the Deceased, Tonya Brantingham, and Martha Brantingham, Appellants, Cross-Appellees,

v.

TOMMY'S ELBOW ROOM, INC., d/b/a Tommy's Elbow Room, Appellee, Cross-Appellant.

Nos. S-62, S-79.

Supreme Court of Alaska.

Dec. 27, 1985.

Rehearing Denied Jan. 30, 1986.

John V. Acosta and Marcus R. Clapp, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellants and cross-appellees.

Lloyd Hoppner and Joseph L. Paskvan, Rice, Hoppner, Brown & Brunner, Fairbanks, for appellee and cross-appellant.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION ON REHEARING

RABINOWITZ, Justice.

Petitioners Ralph Kavorkian, Sarah Kavorkian, Fred Brantingham and Martha Brantingham (Kavorkian) ask us to reconsider our decision in *Kavorkian v. Tommy's Elbow Room, Inc.*, 694 P.2d 160 (Alaska 1985) (*Kavorkian I*).[1] In *Kavorkian I*, we upheld the superior court's decision to give a standard proximate cause instruction over Kavorkian's objection. It is this aspect of *Kavorkian I* that petitioners now challenge.

The issue of proximate cause was addressed twice during the trial. The superior court ruled that Tommy's Elbow Room (Tommy's) could not argue, or present evidence, that Pears had already had so much to drink by the time he got to Tommy's that the two drinks he consumed there did not make any difference.

> I will not allow any testimony in the trial to the effect that the drinks served by Tommy's Elbow Room could not have contributed to the state of intoxication that the defendant was in at the time of the driving.

The superior court based this ruling on *Yukon Equipment, Inc. v. Gordon*, 660 P.2d 428, 433 (Alaska 1983), where this court recognized that "the 'but for' rule [of causation] is inapplicable in the situation

---

1. For a recitation of the facts leading to this petition for rehearing, see *Kavorkian I* and *Pears v. State*, 672 P.2d 903, 909 (Alaska App. 1983).

where two or more forces operate to bring about an injury...."

At the close of his case Kavorkian moved for a directed verdict on the issue of proximate cause, arguing as follows:

[N]obody denies but that Richard Pears had been drinking on an occasion prior to entering Tommy's Elbow Room, that he was provided alcoholic beverages and consumed alcoholic beverages ... that the accident was contributed to by the alcohol ... there's no way that reasonable minds could differ on any of that.

Therefore, proximate cause—assuming the single issue basically, that Richard Pears was a drunken person was found, then the jury must—must find for the plaintiffs in this case on the issue ....

The superior court denied Kavorkian's motion for directed verdict, but reiterated that it would "not allow testimony—which says that though he was drunk at the time, he wasn't any drunker because of the drinks [consumed at Tommy's.]"

At the close of evidence, Kavorkian submitted the following requested instruction:

On October 5, 1981, Richard Pears was provided alcoholic beverages by Tommy's Elbow Room. Richard Pears consumed those alcoholic beverages while on the premises of Tommy's Elbow Room. This court has found, and you are bound to accept, that the alcoholic beverages provided by Tommy's Elbow Room and consumed by Richard Pears were a contributing factor to Richard Pears' level of intoxication and therefore the collision, on the night of October 5, 1981.

The superior court rejected Kavorkian's proposed instruction in favor of a standard proximate cause instruction. Kavorkian objected to the court's instruction on the ground that plaintiffs were entitled to a directed verdict, arguing as follows:

[T]he purpose of my motion for directed verdict on proximate cause, that if they in fact found he was a drunken person and he was served with criminal negligence, then that was the ... end of the case as far as liability was concerned, because the only other out would be the alcohol that Tommy's gave really didn't have an effect.

The jury decided Tommy's was not liable to Kavorkian. Kavorkian thereafter moved for J.N.O.V. or a new trial against Tommy's. These motions were denied.

On appeal in *Kavorkian I*, Kavorkian argued that the superior court's previous rulings "established as a proximate cause of the fatal collision the drinks Tommy's served Pears that evening," and therefore the superior court's denial of Kavorkian's motions for directed verdict and J.N.O.V. were erroneous as to proximate cause. We held that the question of causation was properly submitted to the jury, on the ground that the jury should be allowed to consider Pears' pre-existing inebriation in evaluating whether Pears' consumption of two drinks at Tommy's was a substantial factor in bringing about the accident.[2]

Petitioners now argue that "[i]f a liquor licensee serves a drunken person with criminal negligence it should be liable for damages so long as the tortfeasor's intoxication is a proximate cause of the accident." Petitioners contend that AS 04.16.030 and AS 04.21.020 require only that the defendant's intoxication, and not the particular sale of intoxicants to a drunken person, be a proximate cause of the accident.[3] They main-

---

**2.** In so holding, we relied on *Nazareno v. Urie*, 638 P.2d 671, 677 n. 10 (Alaska 1981) and Restatement (Second) of Torts § 434(2) (1977) ("it is the function of the jury to determine, in any case in which it may reasonably differ on the issue, (a) whether the defendant's conduct has been a substantial factor in causing the harm to the plaintiff....") *See also* Restatement (Second) of Torts § 433B comment b (1977) ("questions [of causation] are normally for the jury, and the court may seldom rule on them as

matter of law"); *Sharp v. Fairbanks North Star Borough*, 569 P.2d 178, 183 (Alaska 1977).

**3.** AS 04.21.020 provides as follows:

A person who provides alcoholic beverages to another person may not be held civilly liable for injuries resulting from the intoxication of that person unless the person who provides the alcoholic beverages holds a license authorized under AS 04.11.080–04.11.-

tain that our holding in *Kavorkian I* would require plaintiffs "to connect particular molecules of alcohol to a particular portion of a tortfeasor's intoxication" and would allow liquor licensees to escape their statutorily imposed responsibility by arguing that they did not serve enough alcohol to affect the tortfeasor's pre-existing intoxication.

In support of these contentions petitioners rely on a series of Connecticut cases holding that Connecticut's Dram Shop Act does not require plaintiffs to establish a causal relationship between a particular sale of alcoholic beverages and the injury. All that need be shown to establish liability in Connecticut is (1) a sale of intoxicating liquor (2) to a drunken person (3) who in consequence of such intoxication causes injury to the person or property of another. In *Pierce v. Albanese*, 144 Conn. 241, 129 A.2d 606, 612 (1957), the court explained as follows:

> In other words, instead of requiring proof that the sale of any particular drink in violation of ... [the Dram Act] caused or contributed to the intoxication in the consequence of which injury to another person resulted, the legislature reasonably could find that in the great variety of factual situations encompassed in the terms of ... [the Dram Act] there would always be such a reasonable relationship between a sale in violation of the law and the injury consequent upon the intoxication of the one to whom the sale

was made as would warrant a departure from commonlaw concepts of proximate causation and the substitution of a new basis of liability.[4]

Connecticut's approach is not atypical. *See Walton v. Stokes*, 270 N.W.2d 627, 628 (Iowa 1978); Annot., 97 ALR 3d 528, 545–51 (1980).

We are persuaded that petitioners' interpretation of AS 04.16.030 and AS 04.21.020 is correct. Those sections, although they are expressed in the negative rather than the affirmative form, clearly imply an affirmative command that a licensee who with criminal negligence provides alcoholic beverages to a drunken person may "be held civilly liable for injuries resulting from the *intoxication* of that person ...." (Emphasis supplied) Thus, under the text of our statute the injuries must result from intoxication of the drunken person. The further link that the intoxication be caused by the negligent providing is not required. In so holding, we adhere to the policy set out in *Nazareno v. Urie*, 638 P.2d 671, 677 (Alaska 1981), where we said:

> Accepting an argument that bar owners cannot be held liable for continuing to serve an intoxicated patron because the patron would have committed the same acts without the additional alcohol would be contrary to the public policy at stake in prohibiting service to intoxicated persons.[5]

We therefore hold that the superior court's failure to properly instruct the jury

---

220, or is an agent or employee of such a licensee and

    (2) the alcoholic beverages are provided to a drunken person in violation of AS 04.16.030. AS 04.16.030 provides that:
    A licensee, his agent, or employee may not with criminal negligence
      (1) sell ... alcoholic beverages to a drunken person.

4. *See also Nolan v. Morelli*, 154 Conn. 432, 226 A.2d 383, 386 (1967).
    The Dram Act in *Pierce* reads as follows:
    If any person, by himself or his agent, shall sell any alcoholic liquor to an intoxicated person, and such purchaser in consequence of

such intoxication, shall thereafter injure the person or property of another, such seller shall pay just damages to the person injured, to be recovered in an action under this section.

5. We also stated in dicta that juries would not be compelled to conclude that, given the intoxication of the tortfeasor and the defendant's negligence in serving him alcohol, the defendant was responsible for the plaintiff's injuries. *Nazareno v. Urie*, 638 P.2d 671, 677 n. 10 (Alaska 1981). To the extent that footnote 10 is inconsistent with our holding in this opinion, it is overruled.

on the issue of proximate cause constituted plain error.[6] Since a general verdict was used, this error necessitates a new trial. Ordinarily a correct proximate cause instruction would have to inform the jury that it must find the injuries in question to be a result of the driver's intoxication, and not, for example, mere recklessness. Under the circumstances of this case, however, the court can instruct as a matter of law that, for the purposes of determining the proximate cause issue, the injuries resulted from Pears' intoxication.

For a directed verdict to have been proper as to proximate cause, there would have to have been an absence of a jury issue as to whether Pears was a "drunken person" under AS 04.21.080(b)(7) and whether Tommy's acted with "criminal negligence" in serving him in violation of AS 04.16.030, since a violation of AS 04.16.030 is a predicate to liability under AS 04.21.020. As we held in *Kavorkian I,* the superior court did not err in refusing to grant directed verdicts on these issues. Thus on remand, the jury must find for Kavorkian on those two issues before a verdict may be directed as to proximate cause.

REVERSED and REMANDED.

---

**6.** We note that the instruction requested by Kavorkian at trial is not in accord with the explicit statutory argument petitioners now advance. However, even though Kavorkian failed to propose a correct instruction at trial, counsel's argument in support of his motion for directed verdict on proximate cause, in our view, adequately brought the issue to the attention of the superior court. *See Pepsi Cola Bottling Co. v.* *Superior Burner Service Co.,* 427 P.2d 833, 837 (Alaska 1967) ("if the defective, or erroneous, requested instruction directs the court's attention to an issue which the jury has not been instructed upon but which is necessary to enable the jury to intelligently determine the case, 'the court's error in failing to charge may not be excused by technical defects in a request to charge'") (citations omitted).