**Clarence E. SHORT and Janet Short, Appellants (Plaintiffs),**

**v.**

**SPRING CREEK RANCH, INC., and Carroll Esterholt, Appellees (Defendants).**

**No. 85–241.**

Supreme Court of Wyoming.

Jan. 30, 1987.

Robert W. Horn, Jackson, for appellants.

R. Michael Mullikin, Mullikin, Larson & Swift, Jackson, for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

In this appeal from an adverse jury verdict in a personal injury action Clarence and Janet Short assert as an initial issue the refusal of the trial court to instruct the jury that violation of a statute regulating traffic constitutes negligence per se, and they argue that an instruction that such a violation is evidence of negligence is improper. The other issue raised by the Shorts is a contention that the trial court committed reversible error when it refused to reread portions of the trial testimony to the jury after a request for such assistance had been made by the jury during the course of its deliberations. We hold that the trial court did not commit error in either respect, and we affirm the judgment of the trial court.

This action was commenced by a complaint filed by the Shorts seeking damages from Spring Creek Ranch, Inc. (Spring Creek) and Carroll Esterholt, an employee of Spring Creek.[1] The Shorts alleged that Spring Creek had a duty to construct and maintain roadways within the boundaries of its properties and that it was negligent in failing to perform this duty. More specifically, the Shorts alleged that Spring Creek had failed to maintain the roadway

---

1. In defining the issues in the district court and describing the proceedings reference is made to the pleadings only because the Shorts did not designate the transcript of the trial proceedings, except for the dialogue relating to the request to have testimony read again, as a part of the record on appeal.

and repair defects in it and had failed to properly plow snow off the roadway. The Shorts alleged that the failure to perform these duties caused a collision between the Shorts' vehicle and a snowplow driven by Esterholt resulting in numerous injuries to each of the appellants. Esterholt was charged with negligence in his operation of the snowplow. Spring Creek and Esterholt contended that any injuries suffered by the Shorts were attributable to the negligence of Clarence Short which was alleged to be at least equal to or greater than the negligence of Spring Creek and Esterholt. In its verdict the jury apportioned negligence as 50 per cent to the Shorts and 50 per cent to Spring Creek and Esterholt. Apparently there was no contention that Janet Short was not bound by any negligence of Clarence. Following the verdict a judgment was entered that the Shorts take nothing by virtue of their claims. Their appeal is taken from that judgment.

The Shorts have not provided a statement of issues on appeal in their brief as required by Rule 5.01, W.R.A.P. They have set forth two arguments which articulate the issues in the following language:

"Where there is evidence produced at trial from which a jury could conclude that there has been a violation of a statute concerning operation of a motor vehicle should the trial court adopt the legislative standard of care and instruct the jury that such violation is negligence per se?

"May the trial court properly refuse the request of a jury which, during deliberation, asks that specific critical trial testimony be reread to them?"

The statement of the issues submitted by the appellees is:

"A. Whether the trial judge properly refused appellant's Proposed Instruction No. 3.

"B. Whether the trial judge properly refused to rehash testimony for the jury after the jury retired for deliberation."

In submitting the case to the jury the trial court instructed:

"Violation of a statute is evidence of negligence. If you determine that a party violated a statute on the occasion in question and that the violation was a proximate cause of the occurrence, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not the party was negligent at the time of the occurrence."

The Shorts' initial contention is that this instruction is erroneous. They rely on *Distad v. Cubin*, Wyo., 633 P.2d 167 (1981), and the instruction which the Shorts submitted in this regard reads:

"Now these statutes were passed for the protection of the driving public. Each of the statutes establishes a standard of conduct that must be met by each and every driver of a motor vehicle for the safety and protection of other users of the road.

"If you find, from a consideration of all the evidence before you, that one or more of these statutes were violated then you can conclude that the standard of conduct established by that statute was not met.

"Violation of one or more of these statutes under the circumstances of this case is negligence per se. *Distad v. Cubin*, 633 P.2d 167 (Wyo.1981); Restatement, Torts 2d, §§ 286, 287, 288, 288A, 288B and 288C.

"If you find that either Defendant violated any of the statutes that I have read to you in these instructions and that the violation was a proximate cause of Plaintiff Lee Short and Janet Short's injuries, then you must find for the Plaintiffs on the issue of liability and proceed to assess damages in accordance with my instructions to you."

The appellants read far too much into this court's opinion in *Distad v. Cubin*, supra. That decision cannot be interpreted as the adoption of a negligence per se standard by this court. We there held that the trial court did not err in refusing to instruct the jury that violations of state or federal regulations constituted negligence

per se, and we approved an instruction to the effect that the failure to comply with such regulations is evidence of negligence. We did adopt the view of the Restatement (Second) of Torts (1965) [hereinafter cited as Restatement 2d].

> "We accordingly conclude that, as to questions of negligence, the effect of a violation of statute, ordinance, or regulation which defines a standard of conduct will be resolved under the Restatement, Torts 2d. The pertinent sections of the Restatement, Torts 2d, include §§ 286, 287, 288, 288A, 288B, and 288C." *Distad v. Cubin,* supra, 633 P.2d at 175.

If we were to resolve this case in accordance with the provisions of the Restatement 2d, we would focus first upon § 286 which provides:

> "The court *may* adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> "(a) to protect a class of persons which includes the one whose interest is invaded, and
>
> "(b) to protect the particular interest which is invaded, and
>
> "(c) to protect that interest against the kind of harm which has resulted, and
>
> "(d) to protect that interest against the particular hazard from which the harm results." (Emphasis added).

We recognized in *Distad v. Cubin,* supra, that this provision relies upon judicial discretion "by its use of the words '*may* adopt as the standard of conduct * * *.'" *Distad v. Cubin,* supra, at 176. See Restatement 2d § 286 comment d. We followed that point by stating a later conclusion that "[w]hen the facts represent a conglomeration of circumstances such as here in order to reach application of the statutory or regulatory violation, use of the negligence per se doctrine is not desirable." *Distad v. Cubin,* supra, at 179.

What this court said in *Distad v. Cubin,* supra, is consistent with a choice which is compelled in any given case by the policy tension that exists between the so-called negligence per se and the so-called evidence of negligence rules. The thrust of the negligence per se rule is that a legislative or administrative rule fixes a standard for all members of the community which does not require a specific interpretation by the jury, and thus certainty is promoted. The advantages of the evidence of negligence rule are perceived to be that not all statutes and rules are appropriate, and some are obsolete; it may be unrealistic to conclude that all reasonable people will blindly obey all statutes or administrative rules in all circumstances; and the law should not prevent the jury from assuming its usual and historic function of determining whether, in the light of their common experiences, the person charged with negligence failed to act as a reasonable person would act. See F. Harper, F. James and O. Gray, The Law of Torts, § 17.6 (2d ed. 1986). These conflicting policy arguments prompted Professor Morris to say:

> "Often, after the duty problem is settled, a criminal proscription operates as a desirable, more exact standard that smooths up civil procedure. Nevertheless there are many situations in which substitution of the criminal proscription for the reasonably-prudent-man criterion effects substantive change—either because the particular case entails special facts or because the judgment of the legislature is misguided. Then use of the proscription will warp the policy of basing liability on fault. * * *" The Role of Criminal Statutes in Negligence Actions, 49 Columbia L.Rev. 21 at 47 (1949).

Courts should refrain from an inflexible application of the negligence per se rule because of the impact that may have upon the traditional policy of premising liability on fault. The approach of the Restatement 2d is consistent with such restraint. See Reporter's Notes in Appendix to the Restatement 2d, § 286, at 346–347 (1966). Following the Restatement 2d approach we find: (1) the standard defined by legislation or administrative rule should only be adopted when the four criteria of

§ 286, Restatement 2d, are met; (2) the excused violation of the legislative enactment or administrative rule is not negligence (a non-exclusive list of excused violations is encompassed in § 288A, Restatement 2d); and (3) even if the court finds that the criteria of § 286 are met, it is not required to adopt the legislative enactment as the standard of conduct because of the permissive language of the Restatement 2d. *Distad v. Cubin,* supra.

■ In *Distad v. Cubin,* supra, this court referred to decisions by the Supreme Court of Alaska. That court first adopted the Restatement 2d approach in *Ferrell v. Baxter,* Alaska, 484 P.2d 250 (1971), but it has since modified the expansive application of any rule of negligence per se. *Clabaugh v. Bottcher,* Alaska, 545 P.2d 172 (1976). The court in Alaska has recognized that it is appropriate in the normal situation to adopt the statutory command as the standard of reasonableness, but that should not be done if the traffic law is so obscure, oblique, or irrational that it could not be said as a matter of law to provide an appropriate standard. Furthermore, that court has said that the statutory standard should not be substituted if the statute is somewhat obscure or unknown to the general public. *McLinn v. Kodiak Electric Association, Inc.,* Alaska, 546 P.2d 1305 (1976). In other contexts that court has followed the analysis of the Ohio Supreme Court in *Eisenhuth v. Moneyhon,* 161 Ohio St. 367, 119 N.E.2d 440 (1954), and held that in order to invoke the statute or regulation as a standard the statute or regulation must prescribe or proscribe specific conduct. Using the statute or regulation as a standard is not appropriate if it sets out only a general or abstract standard of care. *Clabaugh v. Bottcher,* supra; *Northern Lights Motel, Inc. v. Sweaney,* Alaska, 561 P.2d 1176, aff'd on reh. 563 P.2d 256 (1977).

It is important to recognize that the labels "negligence per se" and "evidence of negligence" address this issue much too broadly. All that those labels describe is the duty element of a cause of action for negligence. The Restatement 2d approach does not in any way treat with the question of the causal connection between a violation of the statute or regulation and harm to the plaintiff, nor any defense of negligence on the part of the plaintiff. Furthermore, it does not really describe the breach of duty element of the cause of action. These questions as well as others are within the province of the jury's prerogative to determine the facts. In this instance, however, the essential reason that the Restatement 2d approach would not be helpful to the appellants is because of our holding in *Distad v. Cubin,* supra, that in those cases in which the facts represent a conglomeration of circumstances it is not appropriate to invoke a statutory standard as the standard of care.

We said earlier that if we were to resolve this case in accordance with the provisions of the Restatement 2d we would address the issue in a particular way. We do not decide it in the context of the Restatement 2d, however, because the Shorts' reliance upon *Distad v. Cubin,* supra, cannot be accepted in the light of the deficiency of the record in this case.

■ Our rule is that a party is entitled to have a jury instruction upon its theory of the case but only if such theory is supported by competent evidence and a proper request for the instruction is made. *Langdon v. Baldwin-Lima-Hamilton Corporation,* Wyo., 494 P.2d 537 (1972). The appellant must present a record upon which this court can base a decision, and the failure to provide a transcript of the evidence presented at the trial limits this court to addressing those allegations of error which do not require an inspection of the transcript. *Salt River Enterprises, Inc. v. Heiner,* Wyo., 663 P.2d 518 (1983); *Matter of Manning's Estate,* Wyo., 646 P.2d 175 (1982); *Minnehoma Financial Company v. Pauli,* Wyo., 565 P.2d 835 (1977); *Scherling v. Kilgore,* Wyo., 599 P.2d 1352 (1979); *Wydisco, Inc. v. McMahon,* Wyo., 520 P.2d 218 (1974). Appellants' argument in this case depends upon the presence of competent evidence to support the request for an

instruction on negligence per se. An examination of the evidence is critical in determining whether there was an abuse of the discretion vested in the trial court with respect to the giving of such an instruction. The appellants have not included a transcript of the evidence in this record, and without the transcript we are unable to address the claimed instructional error. Appellants simply have failed to meet their burden of establishing error with respect to this issue.

In addition, our rule requires that proper instructions should be clear declarations of the law, and an instruction which is offered but which is subject to a construction which is not consistent with the law should be refused. *Edwards v. Harris*, Wyo., 397 P.2d 87 (1964). The instruction which the appellants offered in this case refers only to violations of traffic statutes by the defendants, and states that if such a violation is a proximate cause of the plaintiffs' injuries, then the jury must find for them. The pleadings suggest that Clarence Short may have violated some of the same traffic statutes. Any breach of the same statute by the Shorts must be given the same effect as a breach by the defendants. Even if an unexcused violation of a statutory enactment is labeled negligence per se that means only that a statutory duty has been recognized, and a violation if found is a breach of the duty. "There will still remain open such questions as the causal relation between the violation and the harm to the plaintiff, and, in the ordinary case, the defenses of contributory negligence, * * *." Prosser and Keeton on the Law of Torts, § 36 at 230 (5th ed. 1984). It is clear that the instruction offered by the Shorts was incorrect and incomplete, and the trial court properly refused to give it for those reasons.

The Shorts' other claim of error relates to the refusal of the trial court to reread portions of the trial testimony to the jury when request was made. The Shorts contend that the court may not refuse to respond to a request by the jury that specific trial testimony be reread.

Section 1–11–209, W.S.1977, sets forth the basic rule:

"After the jurors have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court where information upon the matter of law shall be given. The court may give its recollection as to the testimony on the points in dispute, in the presence of or after notice to the parties or their counsel."

This court stated in *Hoskins v. State*, Wyo., 552 P.2d 342, reh. denied 553 P.2d 1390 (1976), cert. denied 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977), that while the trial court may refresh the memory of jurors pursuant to the statute it is not required to do so. We said there that the decision of the trial court to refuse to again present testimony under the statute, "is not ground for reversal except in the case where it is clear that an injustice had been done." *Hoskins v. State*, supra, at 349, citing *State v. Riggle*, 76 Wyo. 1, 298 P.2d 349, reh. denied 76 Wyo. 1, 300 P.2d 567 (1956), cert. denied 352 U.S. 981, 77 S.Ct. 384, 1 L.Ed.2d 366 (1957). Other states have statutes which direct that the trial court must give the information requested, but other forms of statute, like the one in Wyoming, permit the trial court to invoke its discretion with respect to whether it should grant or deny a request by the jury. See 76 Am.Jur.2d *Trial* § 1043 (1975). Given a statute like ours the denial by the court of a request for rereading testimony is subject to review under an abuse of discretion standard. See, e.g., *United States v. Sims*, 719 F.2d 375 (11th Cir.1983) cert. denied 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984); *State v. Jones*, 47 N.C.App. 554, 268 S.E.2d 6 (1980). Denials which are premised on the possibility of undue emphasis being placed on some testimony or on the breadth of the jury's request have been held not to constitute any abuse of discretion. See *United States v.*

*Rice,* 550 F.2d 1364 (5th Cir.1977), and cases cited therein.

The record in this case demonstrates that the jury sought a number of items including "exact width of the Scout," "Buzz's testimony," "direct on Barbara Thacker," as well as other testimony. These requests were made after a few hours of deliberation. The trial judge responded by acknowledging that the jury could receive such testimony, but he advised that he had never made testimony available, and that he would give further explanation if the jury so desired. It was at this juncture that the jury attached some specificity to the aspects of the testimony it wished to have repeated. The trial judge then explained that he believed the selection of portions of the testimony placed undue emphasis on those portions. He also explained the procedures that would be involved in furnishing the testimony, and he addressed the possibility of the jury requesting numerous portions and in this way relying upon the judge to settle questions of fact. After giving this explanation the jury's request was refused.

■■■■■ The Shorts argue that the denial was based only on time considerations, but the trial judge furnished a number of other reasons for his decision. Again, we are inhibited in addressing the issue because we cannot determine the extent of the testimony requested or its importance to any of the key issues. In the absence of a transcript of the evidence we cannot possibly conclude that the district court abused its discretion in denying this request. We understand a trial court should not be arbitrary in denying such requests. See, e.g., *People v. Smith,* 396 Mich. 109, 240 N.W.2d 202 (1976). The request for review of testimony should be considered and granted or denied in the sound exercise of the trial court's discretion in the light of the particular circumstances involved in the case. We cannot assess the circumstances of this case without a transcript of the evidence.

The thrust of the Short's appeal is two claims of abuse of discretion. They have failed to demonstrate an abuse of discretion in the refusal to give an instruction on negligence per se arising out of the violation of a statutory standard. They also have failed to demonstrate an abuse of discretion in denying the jury's request for rereading of testimony.

The judgment entered by the trial court upon the jury's verdict is affirmed.

BROWN, Chief Justice, specially concurring.

I agree that this case should be affirmed.

I believe that this court should clearly state that "violation of a statute or ordinance is evidence of negligence". It seems that a holding or suggestion that either an "evidence of negligence" or a "negligence per se" instruction may be appropriate depending on the circumstances causes uncertainty in the law.

I agree with that said in Justice Urbigkit's concurring opinion in that Wyoming traditionally has been regarded as an "evidence of negligence" jurisdiction.

If we have optional rules, the bar and the courts will be confused, and additional issues to litigate will result.

I concur in the result.

URBIGKIT, Justice, specially concurring, with whom MACY, Justice, joins.

For years in Wyoming, without required count, the state bar, trial bench, and law school faculty classified this state as an evidence-of-negligence jurisdiction for application of statutory-violation rules for jury instruction. But then came *Distad v. Cubin,* Wyo., 633 P.2d 167 (1981).

One is almost led to conclude that sometimes architectural proclivities overwhelm adjudicatory necessities.

It was my opinion then, which remains unchanged, that *Distad* says everything and means nothing, or says nothing definable and means everything in cultivating and nursing to fruition in Wyoming the Restatement confusion on evidence of negligence versus the per-se rules for violation

of statutes or promulgated regulatory regiment. Restatement of Torts 2d, §§ 286 and 288.

Alaska courts quickly amplified from *Ferrell v. Baxter,* Alaska, 484 P.2d 250 (1971), to *Breitkreutz v. Baker,* Alaska, 514 P.2d 17 (1973), to *Clabaugh v. Bottcher,* Alaska, 545 P.2d 172 (1976), as the latter case is now noted in the opinion of this court as it has "modified the expansive application of any rule of negligence per se." [1]

I am faced with the dual quandary of why the issue should be addressed in this case, and whether we affirm a complex, convoluted, and imprecise standard created by the Restatement, so that trial and appellate courts may then spend the next couple of decades devising case motivated excep-

1. *Clabaugh v. Bottcher,* supra, which involved a decision that speeding did not invoke a per-se rule, was called into question by *Bachner v. Rich,* Alaska, 554 P.2d 430 (1976), wherein the general safety code was adopted as the per-se standard of care as involving a safe place to work. This necessitated some moderate review by me to try to determine what might occur if it is considered that we are following the Alaska law precedent development.

*Lopez v. Bowen,* Alaska, 495 P.2d 64 (1972) (trial court evidence of negligence instruction in automobile case; reversed for retrial); *Fruit v. Schreiner,* Alaska, 502 P.2d 133 (1972) (traffic case per-se instruction was not required in affirming the verdict); *Spruce Equipment Co. v. Maloney,* Alaska, 527 P.2d 1295 (1974) (truck struck road gravel; apparent per-se rule applied, although plaintiff's verdict reversed on basis of mitigation); *Adkins v. Lester,* Alaska, 530 P.2d 11 (1974), reh. denied 532 P.2d 1027 (1975) (per se indicated as a proper test in traffic case in the absence of exception excuse or justification); *Wilson v. Sibert,* Alaska, 535 P.2d 1034 (1975) (auto case; sudden emergency; used excuse rule to obviate per se); *Leigh v. Lundquist,* Alaska, 540 P.2d 492 (1975) (stop light apparent per-se rule; cited with approval *Breitkreutz v. Baker,* supra, and *Ferrell v. Baxter,* supra; however, the instruction was not necessary since the pedestrian was not within the protected class under the facts); *Kaatz v. State,* Alaska, 540 P.2d 1037 (1975) (highway road-sanding case, with the appellate court stating that an unexcused violation of administrative regulation may be negligence itself, or only evidence of negligence; however, verdict reversed for retrial in plaintiff's favor, on damages only); *McLinn v. Kodiak Electric Association, Inc.,* Alaska, 546 P.2d 1305 (1976) (approved denial of per-se instruction when pedestrian hit vehicle where defendant was engaged in construction work involving noncompliance of administrative regulation); *Morris v. City of Soldotna,* Alaska, 553 P.2d 474 (1976) (safe place to work; act did not invoke a per-se standard upon violation); *Northern Lights Motel, Inc. v. Sweaney,* Alaska, 561 P.2d 1176 (1977) (building code violation required a per-se instruction and adopted even if provision was unknown or obscure; see *State Mechanical, Inc. v. Liquid Air, Inc.,* Alaska, 665 P.2d 15 (1983)); *Barton v. Lund,* Alaska, 563 P.2d 875 (1977), overruled by *Alesna v. LeGrue,* Alaska, 614 P.2d 1387 (1980) (dram shop case where the appellate court in footnote did not express an opinion on per se in approving summary judgment on another basis); *Ferriss v. Texaco, Inc.,* Alaska, 599 P.2d 161 (1979) (violation of the national electric code did not invoke a per-se status); *Farnsworth v. Steiner,* Alaska, 601 P.2d 266 (1979) (FAA regulation justified a per-se instruction); *Coffel v. Steward,* Alaska, 611 P.2d 543 (1980) (in reversing, and citing *Ferrell v. Baxter,* supra, held that violation of statute did not abrogate a contract); *Godfrey v. Hemenway,* Alaska, 617 P.2d 3 (1980) (failure to give per-se instruction in speeding case was reversible error); *Bailey v. Lenord,* Alaska, 625 P.2d 849 (1981) (illegal auto racing is negligence per se); *Johnson v. State,* Alaska, 636 P.2d 47 (1981) (utility road maintenance standard is not sufficiently applicable to a bicycle accident to invoke per se); *Nazareno v. Urie,* Alaska, 638 P.2d 671 (1981), overruled by *Kavorkian v. Tommy's Elbow Room, Inc.,* Alaska, 711 P.2d 521 (1985) (automobile collision invokes per-se status in the dram-shop context; defendant's verdict reversed); *Grothe v. Olafson,* Alaska, 659 P.2d 602 (1983) (Federal Mine Safety Act can invoke per se at work site as a required specific conduct rather than a general or abstract duty); *Harned v. Dura Corporation,* Alaska, 665 P.2d 5 (1983) (noncompliance with design standards of American Society of Mechanical Engineers was negligence per se; affirmed after retrial at 703 P.2d 396 (1985)); *State Mechanical, Inc. v. Liquid Air, Inc.,* supra, 665 P.2d 15 (Compressed Gas Association pamphlet; violation justified a per-se instruction); *Osborne v. Russell,* Alaska, 669 P.2d 550, 554 (1983) (contact with electrical wire in restaurant invoked per se through National Electric Code by comment that the "discretion to refuse instruction was confined to the highly unusual cases in which the law may be so obscure or irrational as not to provide a standard as a matter of law"; vague or arcane rule); *Lundquist v. Department of Public Safety,* Alaska, 674 P.2d 780 (1983) (governmental duty to remove drunk drivers did not subject the municipality to the Baxter rule); *Vance v. United States,* 355 F.Supp. 756 (D.Alaska 1973) (dram shop violation invoked a per-se liability).

It may not be proper for me to conclude that the course of cases has modified the expansive application of the rule of negligence per se.

tions and exclusions. This is explicitly demonstrable from the text of Restatement 2d of Torts § 286, "The court may" and § 288, "The court will not." One can easily be confused by the substantive concern of what happens between the "may" and the "will not," in wonderment whether this means that you may not or will. Additionally, the confusion is magnified where the appellate court does not resolve whether the trial court or the appellate court is solely granted the undefined discretion to determine the rule to be applied for the substantive decision as in many cases may constitute a directed verdict result. This indeterminate confusion of authority and standard invades the entire litigative process from initial interview analysis to final appellate court pronouncement.

If the unspoken exception for use of the Restatement approach is motor vehicle cases, then we should say so, and why. Two quick examples illustrate the Scylla and Charybdis status which we consequently create for the practicing bar and the trial bench:

A long-haul truck driver is over-hour in driving time in violation of federal law, traveling at least ten miles in excess of federal regulations and state law, driving while drinking, and then passes without an audible signal. Failing to keep the vehicle under control, that driver now causes an accident.

Under *Distad* and this case, do we apply per se to any, each or all of these well-defined and clearly expressed criminal-law violations? See Alaska cases, supra fn. 1. At least I would contemplate that the purpose of the legislative enactment is found exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded; (b) to protect the particular interest which is invaded; (c) to protect that interest against the kind of harm which resulted; and (d) to protect that interest from the particular hazard from which the harm results.

I could easily find that regulations involving driving time, speed, driving while drinking, passing, and keeping a vehicle under control, are intended to protect others who may choose to be upon the highway.

The second example is:

A truck driver, moving slowly on a dusty county road, drives in the middle of the road, intentionally blocking the passage of a following vehicle desiring to pass. At least three state statutes are violated, each of which was adopted specifically to protect the class of persons whose interests were invaded. Summary judgment was granted against the injured party, whose misadventure resulted directly from the proscribed activity. *England v. Simmons*, Wyo., 728 P.2d 1137, 1143 (1986), Urbigkit, J., dissenting.

I agree with the court that this case affords an insufficient record upon which to send §§ 286 and 288 of the Restatement back to the law professors, and consequently I specially concur in the decision of the trial court.

Unfortunately, this court's undesired approval of *Distad* will only serve to confuse the practicing attorney, and create a burdensome and uninstructed gambling requirement for the trial judges in courtroom decision on the applied evidentiary standard. There may be a case where a per-se judicial determination is necessary or even appropriate, but not having ever seen one, I suspect that the trial jury can recognize the significance of statutory violation under general-evidence and proximate-cause instructions.

I would not address the subject, but, if addressed, I would inter *Distad v. Cubin*, supra, and the Restatement which it adopted. I specially concur because our discussion in this case may only constitute dicta. See *Dangel v. State*, Wyo., 724 P.2d 1145 (1986). The subject can more forcefully and exhaustively be addressed in a case where the issue is dispositive.